(87 South. 499)

No. 23237.

CHARGOIS v. MORGAN'S LOUISIANA & T. R. & S. S. CO.

(Feb. 12, 1921.)

(Syllabus by the Court.)

Railroads ⬅➡394(5)—Pedestrian's petition held insufficient.

A petition which alleges that plaintiff was making pedestrian use of a railroad track in the country, and, while so doing, was injured by a train, approaching from the rear; that the injury was attributable solely to the negligence of the employees of the defendant railroad company in failing to see him, and checking, or stopping the train, failing to maintain a light on the locomotive, though it was about dusk, and failing to give a warning signal, and that plaintiff in no way contributed to the accident, discloses no cause of action for the recovery of damages; for, in the absence of any allegation to the contrary, the petition may fairly be taken to mean that plaintiff, having chosen the railroad track as a place on which to walk, with full knowledge that a train might, at any moment, approach him from front or rear, gave himself no further concern about the danger to which he thus became subjected, but relied for his protection therefrom entirely upon the vigilance of defendant's employees, up to the very moment when he was struck by a train which approached from the rear.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by Isaac Chargois against Morgan's Louisiana & Texas Railroad & Steamship Company. Judgment for defendant, and plaintiff appeals. Affirmed.

George P. Lessley, of Lafayette, for appellant.

Mouton & De Baillon, of Lafayette, for appellee.

MONROE, C. J. Plaintiff appears here as appellant from a judgment maintaining an exception of no right or cause of action, addressed to a petition in which he claims damages for personal injuries alleged to have been sustained by reason of defendant's negligence in the operation of a train of cars on its railroad, some miles out of the town of Lafayette. The circumstances of the accident and of the negligence attributed to defendant are alleged in paragraphs "Third" and "Sixth" of the petition as follows:

"Third. That on the 25th day of December, 1917, petitioner set out on foot to walk from the town of Lafayette to his home in the country near said Mouton's switch; that, at a point about 1½ miles from the said town

of Lafayette and within Lafayette parish, and while walking in the direction of Mouton's switch, petitioner was struck by a locomotive drawing a line of freight cars, which approached him from the rear and in the direction of the town of Lafayette, and thrown violently to the ground at the side of the railroad track; that prior to and at the time petitioner was struck by the said locomotive he was walking in the middle of the track, between the rails, and in plain view of the operatives of the said locomotive and train for several minutes, had any of the said train operatives been on the lookout, but that no attempt to stop the train was made by the said operatives in order to avoid striking the petitioner, which petitioner believes might easily have been done; that no warning signal was given by the said train to apprise petitioner of his danger and thus give him an opportunity to save himself; that, although it was about dusk at the time petitioner was struck by the said locomotive, no headlight was maintained to illuminate the track ahead, and that, had such headlight been maintained, petitioner would undoubtedly have been warned of the said train approaching him from the rear by the illumination of the track ahead of him; that petitioner did not hear the approaching train nor become aware of its approach in time to save himself by leaping from the track."

"Sixth. Petitioner avers that his said injuries and the damages hereinafter set forth and itemized were caused solely and entirely by the gross negligence and carelessness and want of skill, as well as the reckless disregard of petitioner's rights, on the part of said defendant company, its agents and employees, acting in the scope of their employment, in the operation of the said freight train, owned and operated by the said defendant company, and that defendant in no way contributed to said occurrence."

According, therefore, to his own unqualified allegation, plaintiff, when injured, had deliberately chosen, for pedestrian use, a road especially constructed for the use of vehicles propelled by steam over iron rails, and which were to be expected at any moment to approach him from either front or rear, which cannot be operated over any other kind of road, are not so readily controlled, and hence are more dangerous to those who place themselves in their way than other vehicles, operated on other roads, although it is to be presumed that other roads, intended for other vehicles and for pedestrian use, were open to him; and, having done so, it is inferred, in the absence of any allegation to the contrary, that he exercised no precaution whatever, either in the way of looking or listening for the approach of a train, but left the matter of his protection from the danger to which he had thus subjected himself entirely to the vigilance of defendant's employees, up to the very moment of the accident. The allegation thus made is therefore irreconcilable with the allegation that the accident was attributable solely to the negligence of defendant and its agents, and that defendant in no way contributed thereto; for, if it be negligence for one not to look and listen before going upon a railroad track (as is well settled), it is equally, if not more, negligent, for one to make pedestrian use of such track, continuously, without looking and listening. Harrison v. Railway Co., 132 La. 761, 61 South. 782; Castile v. O'Keefe, 138 La. 479, 70 South. 481; Nelson v. Railway Co., 140 La. 676, 73 South. 769; Tucker v. Railway Co., 141 La. 1096, 76 South. 212; Leopold v. Railway Co., 144 La. 1000, 81 South. 602; Nolan v. Railway Co., 145 La. 483, 82 South. 590; Wells v. Railway Co., 147 La. 58, 84 South. 493.

The judgment appealed from is therefore affirmed.