## FRANCIS v. BARBAZON

____

(February 11, 1929.  Opinion and Decree.)
(February 25, 1929.  Rehearing Refused.)

____

A. A. Calogne, of New Orleans, attorney for plaintiff, appellee.

Bond, Curtis, Hall and Foster, of New Orleans, attorneys for defendant, appellant.

JONES, J.  Plaintiff sues for $130.00 alleged damages to his car caused by defendant's truck, and also for $10.00 additional for loss of use of his auto. Judgment by default was rendered in favor of plaintiff on September 7, 1928.  Motion for new trial and exception of no cause of action were filed on September 10, heard on September 17, and promptly denied.  Defendant has appealed.  The transcript contains no evidence.  The record contains affidavits signed by defendant's counsel showing the following:

"Realizing the appellate court would be powerless to review the facts unless it had some evidence, defendant's counsel, prior to filing his motion for appeal requested counsel for plaintiff to assist him in preparing a statement of fact, setting forth the testimony offered by plaintiff on trial of the case, and upon counsel declaring his inability to do so, defendant made a like request of the trial judge.  Ap-

parently, this was the remedy provided by the Code of Practice in Articles 602 and 603, which read as follows:

"Article 602. When the depositions of witnesses have not been taken in writing in the inferior court, the party intending to appeal, or his advocate, must require the adverse party, or his advocate, to draw, jointly with him, a statement of the facts proved in the cause, and this statement thus drawn and signed, either by the parties or their advocates, shall be annexed to the records and a transcript of the same transmitted to the Supreme Court."

"Article 603. * * * If the adverse party, when required to do so, refused to join in making out the statement of facts, or if the parties cannot agree as to the manner of drawing same, the Court, at the request of either, shall make such statement according to their recollection of the facts, or from the notes they have taken of the evidence."

The trial judge said that he had heard so many cases on that day that he was unable to remember the facts proved in each individual case, and was, therefore, unable to furnish the statement requested.

The right of appeal is expressly granted by Article 565 of the Code of Practice, reading in part as follows:

"One may appeal from all final judgments rendered in causes in which an appeal is given by law, whether such judgments have been rendered after hearing of the parties or by default."

This court has frequently remanded District Court cases for re-trial where the stenographer died or became incapacitated before transcribing his notes, when the record shows due diligence on the part of counsel.

There is a long line of decisions of the appellate courts in this city holding that judgments by default will be presumed correct, even if there is no evidence in the record, upon the principle "omnia rite acta presaesumuntium" and we have so held.

In those cases counsel had made no effort to get a statement of fact for appellate court, as required by Code of Practice, and as far as we are able to find, this is the first instance in which this step has been taken. Here defendant has done all that was possible to complete his record.

Accordingly, in the interest of justice, the judgment of the lower court must be reversed and the case remanded for new trial, that the record of the testimony and evidence may be made and preserved. On this point see the following authorities:

Fletcher vs. Ozone Lumber Co., 123 La. 514, 49 So. 158.

Nichols vs. Harris, 32 La. Ann. 646.

Martinez vs. N. O. City Ry. Co., 23 La. Ann. 28.

Counsel has renewed his exception of no cause of action in this Court and has argued ably in support thereof. His contention is that the petition alleges malicious and wilful injuries by defendant's driver without making the essential averment that these injuries were done within the scope of the driver's employment.

This conclusion seems to us untenable when the petition is taken as a whole, but even if the exception were maintained, plaintiff would be entitled to amend, for the whole trend of modern procedure is to do away with technicalities, and to permit additional averments by supplemental petition, where the failure to state a cause of action is due to insufficiency of allegation.

See Blake vs. Jefferson-St. Charles Tr. Co., 8 La. App. 310.

For above reasons, the judgment is reversed, and it is now ordered, adjudged and decreed that this case be remanded to the trial court for a new trial, in accordance with the opinion herein expressed.