FRANCIS v. BARBAZON

(May 11, 1931. Opinion and Decree.)

Raymond Gauche and A. A. Calongne, of New Orleans, attorneys for plaintiff, appellee.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, Harry Nowalsky, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. The plaintiff brings this action claiming $140 property damage alleged to have resulted from the defendant's employee deliberately causing a collision between the two automobile wrecking trucks of the plaintiff and defendant on Downman road, this city, on June 17, 1928, about 4 o'clock p. m.

The defenses are: First, that the man operating the defendant's truck was an independent contractor; and, second, that the driver of the defendant's truck, in deliberately and willfully running into the plaintiff's truck, was acting outside of the course and scope of his employment.

There was judgment in favor of the plaintiff by default, and defendant filed a motion for a new trial and an exception of no right or cause of action. The exception and motion for new trial were overruled in the lower court, and on appeal to this court the case was remanded for a new trial and the exception of no cause of action overruled. See Francis v. Barbazon, 10 La. App. 55, 120 So. 427. On the second trial there was judgment in favor of the plaintiff, and defendant has appealed.

The evidence shows that the plaintiff and the defendant were engaged in the garage business and operated wrecking trucks for the purpose of salvaging and returning to their garages for repairs wrecked auto-

mobiles. On the day in question plaintiff received a telephone message that an automobile had overturned and was requested to send his service truck. He and two of his employees started out to the scene, and, as they neared the place where the defendant's truck was parked, the driver of it backed out into the road and started in the same direction as plaintiff. As the plaintiff approached the defendant's truck from the rear, he sounded his horn, and the driver of defendant's truck pulled over to his right and then deliberately crossed back to the left side of the road, causing a portion of his truck to strike the right front side of the plaintiff's truck, resulting in the latter truck being overturned in the ditch beside the road. The driver of the defendant's truck continued on his way and, incidentally, his testimony was not taken.

The first defense, that the defendant's driver was an independent contractor, is clearly without merit, because that issue was not raised in defendant's answer, and evidence tending to support it, having been timely and properly objected to, it was rejected on the trial of the merits. In fact, the defendant admits in his answer that the driver of the truck was his employee and was acting "within the scope of his employment." May v. Yellow Cab Co., 164 La. 920, 114 So. 836.

Passing to the second defense, that the driver of the defendant's truck acted willfully and deliberately and, therefore, out of the scope of his employment, the evidence indicates that, while the plaintiff and his two witnesses felt that the driver of the defendant's truck acted willfully and deliberately in causing the collision, this was merely a conclusion they reached be-

cause of the fact that there was no occasion for defendant's employee to have driven the truck to the left side of the road, after having pulled clear to the right. But, assuming that it was a willful and deliberate act, it appears that there had not been any previous personal difficulty or encounter between the plaintiff and the defendant's employee. There was no personal malice or hatred existing between them. Apparently the driver of the defendant's truck was determined to reach the wrecked automobile before the plaintiff, because when he heard the plaintiff sound his horn, he turned and looked, and seeing that it was the plaintiff's wrecking truck, he then deliberately pulled over, as we have described, in order to prevent it from passing, or with a view of causing it to run into the ditch, so that it could not continue on its mission. What appeared to be uppermost in the defendant's employee's mind was that plaintiff was a business rival and that if he could get to the scene of the wrecked car first, he could thereby obtain the business. We have come to the conclusion that defendant's driver acted within the scope of his employment. See Bearman v. Southern Bell Telephone & Telegraph Co., 17 La. App. 89, 134 So. 787, decided this day (May 11, 1931), and the many cases therein cited.

The evidence shows that the damages sued for were the result of the accident and were properly proved and allowed.

For the reasons assigned the judgment is affirmed.