FLOTTE v. THOMAS EGAN'S SONS, INC.

---

(May 11, 1931. Opinion and Decree.)
(November 3, 1931. Rehearing Refused.)
(January 4, 1932. Writ of Certiorari and
Review Refused by Supreme Court.)

---

Milner & Porteous and P. M. Milner, of New Orleans, attorneys for plaintiff, appellee.

Arthur Landry, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sues defendant seeking to recover damages for alleged personal injuries. Defendant filed an exception of no right or cause of action, which was sustained by the lower court, and plaintiff has appealed.

The petition alleges in substance that plaintiff was employed by the United States Government as a railway postal clerk; that defendant contracted with the Government to carry mail in regulation screen wagons and agreed to convey on the driver's seat of each vehicle, whenever necessary, mail clerks to accompany the mail; that on January 30, 1930, at about 6:20 p.m., when it was nearly dark, plaintiff was riding on the right-hand side of the driver's seat of one of the wagons accompanying the mail to the Texas & Pa-

cific train No. 21, at its depot; that upon reaching its destination the wagon stopped and that petitioner attempted to alight therefrom; that he "grasped the upright above the handle, on the right-hand side of the driver's seat, stepped from the dash-board to the shaft, on the right-hand side, sliding his hand gradually down the upright to support and guide himself, and jumped to the ground"; "that petitioner wore a plain gold band wedding ring, on the little finger of his right hand, and as he jumped to the ground, this ring became hooked on some obstruction on the upright of which he had taken hold and down which he was sliding his hand to support himself in alighting"; "that as a result thereof, his whole weight of one hundred and fifty-eight pounds was suspended on said wedding ring," which cut and tore off the first joint of his finger, necessitating the amputation of the finger; "that said wagon at the time of the accident had no step on the right-hand side where petitioner had to alight"; "that said wagon at the time of the accident had its handle bar on the right-hand side, loosely attached to the upright, and that said handle bar was fastened to the upright by two bolts above and two bolts below"; "that the bolts were so arranged that the semi-spherical heads of the bolts were towards the rear of the wagon, and the threaded ends of the bolts projected towards the front of the wagon, and were fastened with nuts"; "that the upper of the two bolts holding the upper part of the handle on the right-hand side of the driver's seat, on the date of the accident, was very long, and fastened the handle to the upright with two nuts on its threaded end, still leaving some of the threaded shank of the bolt projecting beyond the two nuts"; "that this was not the arrangement when said wagon left the factory, and that said handle was never in-tended to be so fastened to the upright, and that this constituted the grossest and most wanton negligence"; and that the plaintiff was in no way guilty of contributory negligence.

It is conceded by plaintiff that defendant only owed him the duty of ordinary care but he contends that the petition alleges facts and circumstances which show that the defendant was guilty of carelessness and negligence and did not exercise ordinary care.

Defendant contends that the petition shows on its face that it was not guilty of any breach of duty that it owed to plaintiff and that the accident was caused solely by the fault of plaintiff.

It is a well recognized principle of law that upon considering an exception of no cause of action the court shall accept as true the statement of facts as alleged in the petition.

Conceding that the petition does show that the defendant was guilty of negligence, a view most favorable to plaintiff, but upon which issue we refrain from expressing any opinion, we pass to a consideration of the question of whether the allegations of the petition show that plaintiff was guilty of contributory negligence.

The Supreme Court, in the case of Gibbs v. Illinois Central R. R. Co., 169 La. 457, 125 So. 445, 447, said:

"The only one of the cases cited in which an exception of no cause of action was sustained in advance of a trial on the merits is the Chargois case (148 La. 637, 87 South. 499), last noted supra. In that case the petition alleged the details of the accident about as fully, completely and minutely as could have been done, and the court found that the facts alleged showed a clear case of con-

tributory negligence on the part of the deceased."

\* \* \* \* \* \* \*

"Contributory negligence is a special defense, and unless the facts alleged, which are accepted as true for the purpose of the trial of an exception of no cause of action, show affirmatively that the deceased was guilty of contributory negligence, and that such negligence was the proximate cause of his death, the exception should not be maintained."

See, also, Chargois v. Morgan's La. & Tex. R. R. & S. S. Co., 148 La. 637, 87 So. 499.

From the foregoing authorities it appears that the court has a right to consider the question of contributory negligence where an exception of no cause of action has been filed and the petition shows clearly that plaintiff was guilty of such negligence.

It is not only the duty of one to exercise ordinary care to avoid injuring others, but it is likewise incumbent upon the party injured to exercise a like degree of care to prevent injury to himself. For, even if the defendant is guilty of a breach of such duty and the plaintiff is guilty of negligence or carelessness which contributes to his injury, he is barred from recovery under the theory or doctrine of law called contributory negligence. Ordinary care is synonymous with reasonable care. In speaking of this subject the Supreme Court of the United States said:

"There is no fixed standard in the law by which a Court is enabled to arbitrarily say in every case what conduct shall be considered reasonable and prudent; and what shall constitute ordinary care under any and all circumstances. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence."

Grand Trunk R. R. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 682, 36 L. Ed. 485.

Words and Phrases, vol. 5, New Series, 682, defines ordinary care and a very pertinent citation is used as follows:

" 'Ordinary care' does not require anticipation of possible dangers but only those which usually happen or are likely to occur—not particular injury but some injury which will probably result."

Overstreet v. Security Storage and Safe Deposit Co., 138 S. E. 552, 148 Va. 306.

Now returning to the petition, the plaintiff states that he caught the upright above the handle and slid his hand down it to the point where his ring became engaged on the threaded end of the protruding bolt and jumped to the ground. He does not allege that he grasped the handle which was fastened to the upright for the purpose of assisting one in alighting from the wagon. He does not allege that the handle itself was insecurely fastened so that it would not have supported his weight. He does not allege that he used the handle in attempting to alight. But he does allege that he slid his hand down the upright, above the handle, and jumped to the ground. Under these circumstances it appears to us that the plaintiff failed to exercise reasonable or ordinary care in descending from the wagon and was, therefore, guilty of carelessness and negligence which contributed to the unfortunate accident.

We are of the opinion that the exception is well taken and, for the reasons assigned, the judgment appealed from is affirmed.

---

ON REHEARING

JANVIER, J. Rehearing was granted in this matter because we feared that possibly we had failed to interpret the allegations of

plaintiff's petition as plaintiff intended and because we desired to follow the rule that, in considering exceptions of no cause of action, doubts as to interpretation of pleadings should be resolved in favor of the petitioner. The rule is well expressed in the opinion written by Mr. Justice St. Paul, then one of the members of this court, in Jacobs Candy Company v. Dennis Sheen Transfer Co., No. 8150, decided December 12, 1921, unreported (see La. and Sou. digests):

"* * * An exception of no cause of action should not be sustained unless it is clear that plaintiff can recover nothing under his claim; if the claim be only doubtful the exception should be overruled and the case heard on the merits."

See, also, Goldsmith v. Virgin, 122 La. 831, 48 So. 279.

There was some apprehension in our minds that possibly we had affirmed a judgment dismissing the suit not because no cause of action existed, but merely because the petition did not affirmatively, clearly and positively set it forth. As has often been pointed out, an exception of no cause of action should not be sustained merely because of insufficient allegations, but an opportunity for amendment should be afforded, unless it appears that all that might have been alleged has been inserted in the petition and that, nevertheless, either no negligence is shown to have been committed by the defendant, or plaintiff himself appears to have been contributorily at fault. Horrell et al. v. Gulf & Valley Cotton Oil Co., 15 La. App. 603, 131 So. 709; Cazeaux v. N. O. Public Service, Inc., 14 La. App. 320, 124 So. 685; Francis v. Barbazon, 10 La. App. 55, 120 So. 427; Blake v. Jefferson-St. Charles Transfer Co., 8 La. App. 310; James v. City of New Orleans, 151 La. 480, 91 So. 846;

Davis v. Arkansas Sou. R. R. Co., 117 La. 320, 41 So. 587.

After hearing the matter reargued, we are well convinced that the plaintiff has made every allegation of negligence which the actual happenings rendered it possible for him to make and has, nevertheless, failed to aver facts showing fault on the part of the defendant, but on the contrary, has affirmatively set forth his own acts in sufficient detail to leave no room for doubt as to his own carelessness. Thus, a cause of action never accrued and no amendment could bring one into existence.

The original decree is reinstated and, accordingly, the judgment appealed from is affirmed and plaintiff's suit is dismissed at his cost.