For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

### FLOTTE v. THOMAS EGAN'S SONS, Inc.*
### No. 13719.

Court of Appeal of Louisiana. Orleans.
Oct. 19, 1931.

Rehearing Denied Nov. 3, 1931.

Arthur Landry, of New Orleans, for appellant.

Milner & Porteous and P. M. Milner, all of New Orleans, for appellee.

JANVIER, J.

Rehearing was granted in this matter because we feared that possibly we had failed to interpret the allegations of plaintiff's petition as plaintiff intended, and because we desired to follow the rule that, in considering exceptions of no cause of action, doubts as to interpretation of pleadings should be resolved in favor of the petitioner. The rule is well expressed in the opinion written by Mr. Justice St. Paul, then one of the members of this court, in Jacobs Candy Company v. Dennis Sheen Transfer Co., No. 8150, decided December 12, 1921, unreported (See Louisiana and Southern Digest): " * * * An exception of no cause of action should not be sustained unless it is clear that plaintiff can recover nothing under his claim; if the claim be only doubtful the exception should be overruled and the case heard on the merits."

See, also, Goldsmith v. Virgin, 122 La. 831, 48 So. 279.

There was some apprehension in our minds that possibly we had affirmed a judgment dismissing the suit, not because no cause of action existed, but merely because the petition did not affirmatively, clearly, and positively set it forth. As has often been pointed out, an exception of no cause of action should not be sustained merely because of insufficient allegations, but an opportunity for amendment should be afforded, unless it appears that all that might have been alleged has been inserted in the petition, and that, nevertheless, either no negligence is shown to have been committed by the defendant, or plaintiff himself appears to have been contributorily at fault. Horrell et al. v. Gulf & Valley Cotton Oil Co., 15 La. App. 603, 131 So. 709; Cazeaux v. N. O. Public Service, Inc., 14 La. App. 320, 124 So. 685; Francis v. Barbazon, 10 La. App. 55, 120 So. 427; Blake v. Jefferson-St. Charles Transfer Co., 8 La. App. 310; James v. City of New Orleans, 151 La. 480, 91 So. 846; Davis v. Arkansas Southern R. Co., 117 La. 320, 41 So. 587.

After hearing the matter reargued, we are well convinced that the plaintiff has made every allegation of negligence which the actual happenings rendered it possible for him to make, and has, nevertheless, failed to aver facts showing fault on the part of the defendant, but, on the contrary, has affirmatively set forth his own acts in sufficient detail to leave no room for doubt as to his own carelessness. Thus a cause of action never accrued, and no amendment could bring one into existence.

The original decree is reinstated, and, accordingly, the judgment appealed from is affirmed, and plaintiff's suit is dismissed at his cost.

Original decree reinstated.

*Writ of certiorari denied by Supreme Court January 4, 1932.