## COATS v. BUIE'S ESTATE.
### No. 4854.

Court of Appeal of Louisiana. Second
Circuit.

Dec. 5, 1934.

Todd & Todd, of Bastrop, and E. B. Moore, of Winnsboro, for appellant.

Sholars & Gunby, of Monroe, and C. W. Berry, Jr., of Winnsboro, for appellee.

DREW, Judge.

Plaintiff instituted this suit for damages for personal injuries alleged to have been caused by an automobile collision. The accident and cause of same are set forth in paragraphs 6, 7, and 8 of plaintiff's petition and are as follows:

"That the said partnership and the individual members thereof, through their duly authorized agent and representative, had in their employment, in connection with said business, a certain negro, whose name is John Rubin, and whose duties under the terms of his employment prior to, on and since October 27, 1932, required him to drive and operate motor trucks and trailers in hauling cotton seed for the defendants from their gin and place of business in Franklin parish, Louisiana, to various points of destination, under instructions from his employers.

"That at about the hour of 7 o'clock p. m., on October 27, 1932, petitioner, who was then an automobile salesman for the Windsor Motor Company, Mer Rouge, Louisiana, in company with one L. C. (Jack) Tyler, of Bastrop, Louisiana, and a negro whose name is Luther Grant, was proceeding by automobile to Jackson, Mississippi, to get for his employer a new Chevrolet Sedan, delivery body, for delivery and sale to the said L. C. (Jack) Tyler, owner and operator of 'Jack's Laundry' in Bastrop, Louisiana; that the said L. C. (Jack) Tyler was driving the automobile in which petitioner was riding, and he was and is a capable, careful and experienced driver.

"That said automobile was at the time being operated in a careful, prudent and safe manner, at a reasonable and lawful rate of speed, the said L. C. (Jack) Tyler driving, and your petitioner on the right side of the front seat, both keeping a lookout ahead for meeting and passing traffic, with adequate lights, and when they reached a point on the Dixie-Overland Highway about 7 miles west of Tallulah, Louisiana, at about the hour of 7 o'clock p. m., on said date, and while meeting another automobile coming from the opposite direction, petitioner's car suddenly came upon a truck and trailer, with a very large body, heavily loaded with cotton seed, and having a large iron coupling pole projecting far out behind the trailer, parked on the highway with the left side extending well out into the center of the road and the right hand side extending to the extreme right side of the pavement, the said truck and trailer being at the time unattended by any person and having no lights or signal of any kind, and was not visible to petitioner, or to the person driving his car, until they were so close upon it that it was impossible to stop and thereby avoid colliding with the rear end of the truck and trailer; that petitioner, and the party driving his car, could not safely steer to the left side of the road and to the left of the truck and trailer on account of the rapid approach from the opposite direction of the car coming from the east; that they could not safely steer to the right side of the truck and trailer, going into the ditch on that side of the road and probably turning the car over on them; that the emergency was such that the said L. C. (Jack) Tyler, the driver of petitioner's car, as soon as said truck and trailer were visible to him or to petitioner, suddenly applied the brakes bringing the car practically to a stop before colliding with the truck and trailer, but in doing so the car skidded and swerved to the left of the rear of the trailer and into the path of the rapidly moving car coming from the east, too late for the driver of said car to stop; that said car, coming from the east, struck your petitioner's car on the right side, seriously injuring your petitioner."

Defendant excepted to the petition for the reason alleged that it did not set forth a cause of action. The exception is founded on the alleged ground that the part of the petition above quoted clearly shows contributory negligence on the part of plaintiff and that said contributory negligence was a proximate cause of the accident. Defendant relies upon the following decisions to sustain this view: Gibbs v. Illinois Central Ry. Co., 169 La. 457, 125 So. 445, 447; Chargois v. M. L. & T. Ry. & S. S. Co., 148 La. 637, 87 So. 499; Flotte v. Thos. Egan's Sons, 18 La. App. 116, 134 So. 428, 137 So. 220.

In the first cited case the court overruled the exception of no cause of action and discussed the second cited case in the following language:

"The only theory, therefore, on which the exception can be sustained, is that the facts alleged show that the deceased was guilty of contributory negligence, and that such negligence, with that of the railroad employees, continued down to the moment the train struck Gibbs.

"The following cases are cited and relied on by defendant: White v. Ill. Central Ry. Co., 114 La. 825, 38 So. 574; Harrison v. Louisiana West. R. Co., 132 La. 761, 61 So. 782; Castile v. O'Keefe, 138 La. 479, 70 So. 481; Woods v. Longville Lbr. Co., 141 La. 267, 74 So. 990; Vanon v. L. R. & N. Co., 143 La. 1085, 79 So. 869; Fils v. Iberia, St. M. & E. R. Co., 145 La. 544, 82 So. 697; Hudson v. New Orleans Ry. & Light Co., 147 La. 56, 84 So. 492; Saitta v. Y. & M. V. Ry. Co., 153 La. 1099, 97 So. 261; Vappi v. M. L. & T. R. & S. S. Co., 155 La. 183, 99 So. 31; Jarrow v. City of New Orleans, 168 La. 992, 123 So. 651; Chargois v. M. L. & T. R. & S. S. Co., 148 La. 637, 87 So. 499.

"It is worthy of note that in each and every case cited, save the one last mentioned, the ruling of the court was based on the peculiar facts as developed on a trial of the merits of the case, and the court found that the deceased was guilty of negligence which extended down to the moment of the accident.

"We do not understand that in the cases cited the court intended to lay down as an inflexible legal proposition, by which the court should be guided, that any person who goes upon a railroad track and is run down and killed by a train is debarred from the recovery, regardless of the circumstances under which the killing occurred. The rule is that every case for damages for personal injury or death must be decided on the facts of that particular case.

"The only one of the cases cited in which an exception of no cause of action was sustained in advance of a trial on the merits is the Chargois Case, last noted supra. In that case the petition alleged the details of the accident about as fully, completely, and minutely as could have been done, and the court found that the facts alleged showed a clear case of contributory negligence on the part of the deceased:

"We are not of the opinion that such a case is presented here. In our opinion, the allegations of plaintiff's petition do not unmistakably and affirmatively show that the deceased, Gibbs, was guilty of such negligence as would convict him of contributing to and causing his own death, and to exonerate the railroad company from running him down and killing him.

"It may be that, when the case is tried and all of the facts are put before the court, no alternative will be left the court but to find that the deceased contributed to his own death in such a manner as to bar recovery by his widow.

"Contributory negligence is a special defense, and unless the facts alleged, which are accepted as true for the purpose of the trial of an exception of no cause of action, show affirmatively that the deceased was guilty of contributory negligence, and that such negligence was the proximate cause of his death, the exception should not be maintained."

In the third case cited, the Orleans Court of Appeal quoted from the Gibbs Case cited above and held that under the alleged facts in plaintiff's petition, it clearly disclosed contributory negligence on the part of plaintiff which was the proximate cause of the accident.

We do not think the alleged facts in this case clearly show contributory negligence on the part of plaintiff. Although the allegations of the petition are somewhat conflicting, we find that it alleges that plaintiff was keeping a lookout ahead for meeting and passing traffic; that his car was equipped with adequate lights; that it came upon a truck and trailer with a large body, heavily loaded, and having a large iron coupling pole projecting far out behind the trailer. The truck was parked on the highway in an angling position with the left side extending well out into the center of the road; there were no lights on said truck or trailer and it was dark. He further alleged that as soon as said truck and trailer were visible to him, the brakes were suddenly applied, bringing the car practically to a stop before colliding with the truck and trailer, but in doing so, the car

skidded and swerved to the left of the rear of the trailer and into the path of a rapidly moving car coming from the opposite direction, which car struck petitioner's car and caused the injury and damage complained of. The alleged fact that the truck and trailer were seen in sufficient time to stop, or nearly stop, the car, and to miss the truck and trailer entirely tends strongly to show that plaintiff was keeping a proper lookout. What effect the iron coupling pole extending far out behind the trailer had with the accident, can only be known from the testimony taken on trial of the case. Since we have concluded that the case should be tried upon its merits, we will not discuss further what the testimony might show upon trial under the pleadings.

Plaintiff has alleged acts of negligence on the part of defendant which are sufficient for recovery, unless he was guilty of contributory negligence which was the proximate cause of the accident, and the facts as alleged do not affirmatively show that plaintiff was guilty of contributory negligence which was a proximate cause of the accident.

It therefore follows that the judgment of the lower court sustaining the exception of no cause of action is reversed and the exception is now overruled and the case remanded to the lower court to be proceeded with in accordance with law; cost of appeal to be paid by appellee and the other costs to abide final decision in the case.