## INMAN v. SILVER FLEET OF MEMPHIS et al.

### No. 1735.

Court of Appeal of Louisiana. First Circuit.

June 30, 1937.

J. H. Inman, of Ponchatoula, and S. S. Reid, of Amite, for appellant.

Wm. A. Porteous, of New Orleans, and Ponder & Ponder, of Amite, for appellees.

OTT, Judge.

Plaintiff sues for damages in the sum of $525 in his individual capacity for damage to his car, doctor bills, etc., and for the sum of $1,000 in behalf of his minor daughter, Aileen Louise Inman, for personal injuries and mental anguish suffered by her, all on account of an accident on December 28, 1936, at about 3 o'clock a. m. when the car which the minor daughter was driving ran into two wrecked trucks blocking highway 51 about four miles south of Amite.

The defendants are two freight transportation companies, the Silver Fleet of Memphis, a Tennessee corporation, and the Hester Truck Lines, Inc., a Missis-

sippi corporation, and the insurance company that carried public liability insurance for the Silver Fleet on its truck. The grounds of negligence charged against the two transportation companies are, in substance, that the two trucks had collided, through the carelessness and ·negligence of the drivers of the trucks, and by reason of the collision, the trucks had been thrown across the highway, completely blocking the paved part; that these trucks were left across the highway by the operatives without putting out flares to warn the traveling public of the danger created by the collision of the trucks and the consequent blocking of the highway; that the night was misty and foggy in pockets and said operatives well knew the danger in thus leaving the wrecked trucks across the highway without lights or flares as required by law.

It is further alleged by plaintiff that, some ten or twenty minutes after the wreck of said trucks, his minor daughter was driving south on said highway in his Chevrolet automobile at a moderate rate of speed and keeping a proper lookout. The petition then proceeds to describe the manner in which the accident happened as follows:

14. "Your petitioner shows that for a considerable distance, say from an eighth to a quarter of a mile the driver of the Chevrolet Sedan observed ·a porch light on the house situated some 500 feet north and 100 feet west of the truck blockade."

15. "That just as the driver of the Sedan came about abreast of the porch light she saw under the beam of her own lights what she took for a fog pocket and slackened her speed but made no effort to come to a complete or even virtual stop, when suddenly she saw a big red object high in the air in the middle of what she thought was a fog pocket, and,"

16. "Realizing the highway was obstructed, applied her brakes, but the pavement being wet, the brakes did not take; the car skidded with practically no diminution of speed headlong into the obstruction, in which collision the damage and injury sued on was the result."

17. "Your petitioner shows that the omission of the operatives of said trucks to prevent the first collision combined with their further omission and failure to put out flares constituted gross negligence which was the sole cause of the damage and injury herein complained of."

18. "That the driver of petitioner's automobile was entirely free from negligence or want of proper care, and did no act which contributed to the creation of the hazard which caused the damage and injury."

19. "That she approached the truck blockade with the knowledge that the visibility was such as permitted her to see with indirect vision the porch light referred to at a considerable distance and that she would therefore, readily see a vehicle's headlight or flares, and, seeing neither, saw merely the large silver colored truck athwart the highway which, as aforesaid, she mistook for a pocket of fog and proceeded with due caution but with the well justified belief that there were no obstructions ahead."

20. "That the presence of two interlocked trucks in the highway on a misty night marked with pockets of fog constituted a trap into which she fell as a result of the negligence of the operatives of the two trucks, first in negligently colliding with each other, and second in not putting out flares as required by law."

The Hester Truck Lines, Inc., filed an exception of vagueness and of no cause or right of action. We find no exceptions in the record by either of the other defendants, nor do the minutes show that these other two defendants filed any exceptions. The judgment recites· that the exception of no cause of action is sustained and plaintiff's suit dismissed. Plaintiff has appealed.

We are informed by the briefs in the case that the exception of no cause of action was sustained for the · reason that the petition (particularly that part which we have quoted above), affirmatively shows that plaintiff's daughter was guilty of contributory negligence and that her negligence in failing to see these wrecked trucks across the highway and in failing to bring her car under control was the proximate cause of the accident.

Where a petition recites a state of · facts which show negligence on the part of the plaintiff and that such negligence was the proximate cause of the accident, an exception of no cause of action will be sustained. Chargois v. Morgan's Louisiana & T. R. & S. S. Co., ·148 La. 637, 87 So. 499; Flotte v. Thomas Egan's Sons, 18 La·.App. 116, 134 So. 428, 137 So. 220. It is true that an ex-

ception of no cause of action, ordinarily, will not be sustained in a suit for damages where the petition does not show clearly that plaintiff was guilty of contributory negligence and that his negligence was the proximate cause of the accident, or where the facts as alleged might be vague and conflicting, making it desirable to hear testimony as to the particulars of the occurrence. Coats v. Buie's Estate (La.App.) 157 So. 560.

■ But where the facts set out in the petition affirmatively show that the negligence of the plaintiff was the proximate cause of the accident, there is no need to go through the form of a trial when, assuming that the plaintiff can prove what he alleges, there could be no judgment in his favor under the law, and in such case, it is the duty of the courts to maintain the exception and put an end to useless and, perhaps, expensive litigation.

■ We must conclude in this case from the allegations of the petition that the night was misty, foggy in pockets, and the pavement wet and slippery; that plaintiff's daughter saw under the beam of the headlights of her car what appeared to be a fog pocket where these wrecked trucks were across the road when she was opposite this house some 500 feet from the trucks; that she made no effort to come to a complete stop nor even a virtual stop, but slackened her speed, when suddenly she saw a big red object high in the air in what she thought was a fog pocket; that she then realized that the highway was obstructed and applied her brakes, but, on account of the pavement being wet, the brakes did not take, and the car skidded with practically no diminution of speed headlong into the wrecked trucks across the highway.

Here we have an admission that the driver of the car saw some obstruction or fog pocket in the road 500 feet ahead of her, and yet she did not bring her car under control so as to be able to stop on approaching this object. She knew that the night was misty and fog pockets were hovering over the road. The atmospheric conditions required the use of extra precautions. The fact that her car ran headlong into the obstruction indicates that the driver was taking too much for granted in driving into this object or obstruction to her vision. She had 500 feet in which to prepare for the situation which she was approaching and the nature of which she could not determine, and yet did not take the precaution of bringing her car under proper control to meet the situation, whatever it might turn out to be, but she took a chance on the road being clear of obstructions and lost her guess. Raziano v. Trauth, 15 La. App. 650, 131 So. 212; Parlongue v. Leon, 6 La.App. 18.

Plaintiff stresses the gross negligence of the truck operatives in failing to put out flares to warn the public as required by Act No. 164 of 1936, and would have us make a distinction in considering this flagrant violation of this law by the operatives of the trucks and the other cases of negligence in violating traffic regulations and the rules of the road. But we cannot adopt a rule that would relieve the plaintiff of the exercise of ordinary caution and prudence in driving on the highways because the defendants were guilty of gross negligence, or even the flagrant violation of the law, this latter act being a matter for the criminal authorities. For us to hold that, had the truck drivers put out these flares 100 feet north of the trucks on the highway, the driver of the automobile could have and would have seen these flares in time to stop, would be entering the field of speculation. Suffice it to say that we know of no law that would relieve the driver of an automobile at night on the highways from keeping a proper lookout and in keeping the automobile under such control as to be able to stop on approaching an obstruction in the road plainly visible and where such obstruction is likely to appear as is the case on the travelled part of a paved public highway. Such a rule would tend to increase accidents rather than prevent them.

■ Counsel for plaintiff has given us an interesting and instructive discussion on the failure of the courts of this state to adopt and apply the doctrine of comparative negligence. It is contended that the doctrine of comparative negligence is justified and sanctioned by the civil law, particularly by article 2323 and article 3556, paragraph 13 of the Civil Code. This latter article in paragraph 13 in defining "fault" as understood in the Code divides it into three degrees; the gross, the slight, and the very slight fault. The effect of the different degrees of fault is therein stated.

Whether or not the courts of this state have strayed from the policy and system of the civil law as expressed in the Civil Code in adopting the common-law doctrine of contributory negligence whereby no consideration is given to the degrees of negligence on the part of plaintiff and defendant, is a matter which we have no authority to decide, as we are bound to follow the jurisprudence that refuses to recognize the doctrine of comparative negligence. Mathes v. Schwing et al., 11 La.App. 5, 123 So. 156; Belle Alliance Co., Ltd., v. Texas & P. Ry. Co., 125 La. 777, 51 So. 846, 19 Ann.Cas. 1143; Tulane Law Review for December, 1936.

For the reason assigned, the judgment is affirmed at the cost of appellant.