## GUNN v. SAENGER–EHRLICH ENTER-PRISES, Inc., et al.

### No. 6035.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1939.

Rehearing Denied Dec. 1, 1939.

Writ of Certiorari Denied Jan. 9, 1940.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport and Jones & Jones, of Marshall, Tex., for appellant.

Cook, Cook & Egan, of Shreveport, for appellees.

TALIAFERRO, Judge.

Plaintiff, James H. Gunn, instituted this suit against Saenger-Ehrlich Enterprises, Inc., and the carrier of its public liability insurance, Employers' Liability Assurance Corp., Ltd., to recover damages for injuries allegedly sustained by him from a fall in its theater building on February 2, 1938.

It is alleged that on that date, plaintiff purchased a ticket to witness a picture being shown in defendant's Strand Theater in Shreveport, Louisiana, secured a seat therein, and, after viewing the picture for awhile, he was moved by a call of nature, and responding thereto, proceeded toward a rest room located in the basement of the building. In order to reach his destination it was necessary that he descend a flight of stairs ending in or on a little area-way

or landing, at which he had to turn sharply to his left and descend three more steps, in order to safely reach the ante-room leading to the rest room.

The following excerpt from the petition forms the basis of the charge of negligence against defendant and reveals the cause of action upon which plaintiff relies, to-wit:

"That said first flight of stairs and the hall-way or area-way above referred to was poorly lighted in that there was no light at all located in said area-way, and that as plaintiff reached the bottom of the first flight of stairs, due to said improper and insufficient light, he was unable to ascertain that there were still three more steps to descend, and plaintiff, believing that he had reached the bottom of said stairway, stepped out over said three steps, throwing him forward, causing him to fall severely and break plaintiff's leg. In this connection, plaintiff shows that it was negligence on the part of the defendant, its agents, servants, and employees to fail to equip said stairway and particularly said area-way with light sufficient to enable persons descending said stairs to observe that there were still three steps to descend after reaching the bottom of the first flight of stairs, and that this negligence proximately caused the injuries hereinafter complained of."

Defendants excepted to the petition on the ground that it disclosed neither a cause nor a right of action. This exception was sustained and the suit dismissed. This appeal followed.

It is urged by the defendants that the petition discloses no negligent action on the part of the theater company or its employees. Numerous cases are cited in support of this position, all of which deal with the amount of illumination necessary in auditoriums or balconies of motion picture theaters. We are of the opinion that these cases are not controlling of the issue tendered here, because the accident in this case occurred in a part of the building removed from and entirely disconnected from the theater proper.

It is evident that a motion picture theater, from the very nature of its business, while a picture is being projected, is not required to provide lighting in its auditorium, balcony and galleries of sufficient illumination to allow its patrons to see their way to, locate and occupy seats as is the case in other places of public amusement. The reason for this is obvious. To do so would necessarily interfere with the satisfactory projection of the picture on the screen, thus depriving patrons of the benefit of that for which they pay admission to see. There is, however, a duty upon the theater management to furnish as much light as may be consistent with its duty toward its mass patrons.

We gather from the allegations that the stairway leading to the basement was not so closely connected with the theater as to prevent its being adequately lighted without undue interference with the picture.

Negligence may consist of a failure to so light the premises as to protect from injury persons rightfully therein, by reason of dangerous conditions which could not be reasonably discovered in the absence of such light. 45 Corpus Juris, Page 872, Sec. 297.

We are convinced from plaintiff's allegations, that the stairway involved is so located with reference to the theater proper, that it should be so well lighted that patrons, who have the right to use the rest room, may travel thereon with perfect safety.

It is strenuously urged by appellees in the alternative that the allegations of the petition conclusively disclose carelessness on appellant's part, amounting to contributory negligence. This negligence, it is contended, lies in the fact that he knew of the darkened condition of the stairway, and, notwithstanding this knowledge, proceeded forward in the darkness.

It is an elementary principle of law that in order to be free from any negligence, a person must have acted in a given case as the average, prudent man would have done under the same circumstances. This rule is clearly set forth by Judge Higgins in Flotte v. Thomas Egan's Sons, Inc., 18 La.App. 116, 134 So. 428, 429, 137 So. 220:

"It is not only the duty of one to exercise ordinary care to avoid injuring others, but it is likewise incumbent upon the party injured to exercise a like degree of care to prevent injury to himself. For, even if the defendant is guilty of a breach of such duty and the plaintiff is guilty of negli-

gence or carelessness which contributes to his injury, he is barred from recovery under the theory or doctrine of law called contributory negligence."

In that case the court considered an exception of no cause of action and definitely said that in doing so, the question of whether plaintiff's allegations disclosed contributory negligence on his part properly entered into a determination of the issue raised by the exception. This principle is affirmed in Gibbs v. Illinois Central Railway Company, 169 La. 450, 125 So. 445, but, as said in these cases, to warrant the sustaining of the exception, the allegations must clearly and definitely reveal that plaintiff, himself, was at fault in connection with the cause of action alleged upon to such an extent that his negligence contributed to the accident involved, and was the or a proximate cause of same.

The only negligence charged to plaintiff herein, is that of stepping forward from the landing at the foot of the first flight of stairs in the darkness without knowing that it was safe to do so.

It does not appear from the petition that he had ever made use of these stairs before, and it must be assumed for the purpose of considering this exception, that he had not. The allegations are not so specific in detail as to lead to the conclusion that he might not have acted as a reasonable, prudent man, under the circumstances. A trial of the case on its merits will doubtless bring to light all of these facts.

It is evident that the petition in this case is void of many allegations appropriate to such a suit, which, if made, would throw greater light upon the question of negligence and contributory negligence than we have to guide us now. Whether the plaintiff had gone this route to the rest room previously, is a material fact in the case; and if this was his first effort to reach the rest room, the information or knowledge he acted upon in adopting this route is also important. After having safely descended the first flight of stairs, which appear to have been dimly but adequately lighted, and there being no additional light thereafter to guide his footsteps, plaintiff assumed, as most others would have done, that because of the absence of more light there was no need therefor. He assumed that he had reached the floor on which was located the rest room.

It is not clear to us that the petition fails to disclose a cause or right of action. In such a case the doubt is always resolved in favor of the sufficiency of the petition, and this rule we now follow.

For the reasons herein assigned, the judgment of the lower court appealed from is reversed and set aside and this case is remanded to it for further proceedings. Costs of appeal are assessed against defendants. Liability for other costs will await final judgment in the case.