## ODUM v. NEWSTADT'S SHOE STORES et al.

### No. 5955.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 7, 1940.

Albert E. Bryson, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellees.

## HAMITER, Judge.

Defendants herein, being the commercial partnership of Newstadt Shoe Stores and the individual partners thereof, successfully urged in the trial court an exception of no cause of action; and from the judgment dismissing her suit plaintiff appealed.

The allegations of fact of the petition, which are taken as true for the purpose of considering the case on the mentioned exception, disclose that plaintiff went into the store of defendants in Shreveport, Louisiana, on June 24, 1938, and asked to be fitted with white, dress, high-heel pumps. She looked at many of them and ultimately made a selection. Both shoes of the pair selected were tried on, and she agreed, after receiving assurance from the salesman, that they fitted her feet. The left shoe she had decided to buy was then wrapped with a right shoe of the same model, fashion, style and appearance but which was one-half size smaller; and for these she paid the agreed purchase price. Her feet at that time were normal in every respect.

The following day plaintiff visited in New Orleans, Louisiana, and then and there wore the shoes for the first time. The right foot, at the joint of the big toe, became, during that day, exceedingly painful, swollen and inflamed, all because of the shoe worn thereon. She was then in a situation where she could not effect an exchange of the footwear or avoid their use. Thinking that the injury resulted by reason of the newness of the shoe, she thereafter wore the pair in and around the premises where she stayed in an effort to bring about their softness.

After returning to her home in Shreveport on July 12, 1938, her right foot required medical attention; and on September 12, 1938, an operation was performed thereon and about one-half inch of the bone of the great toe was removed.

It is charged in the petition that, "the direct, proximate, sole and only cause for plaintiff's injury was the mistake and negligence on the part of defendants' agent in wrapping up and delivering to her one shoe which she did not buy, did not fit her and was too small"; and plaintiff prays that defendants be condemned to pay her damages arising from the physical injuries sustained in the amount of $6,110.

Plaintiff's counsel, in aid of the action, calls attention to Civil Code article 2315, wherein it states: "Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it"; and also the following provisions of Section 13 of Civil Code article 3556:

"Fault.—There are in law three degrees of faults: the gross, the slight, and the very slight fault.

"The gross fault is that which proceeds from inexcusable negligence or ignorance; it is considered as nearly equal to fraud.

"The slight fault is that want of care which a prudent man usually takes of his business.

"The very slight fault is that which is excusable, and for which no responsibility is incurred."

He then argues that the act of the salesman in delivering to plaintiff a misfit shoe which injured her was at least a slight fault, and his employers, defendants herein, are obliged to stand the damages flowing from the injuries.

In determining liability under those codal provisions, consideration must be given to the question of whether or not the aggrieved party was also at fault in the commission of the act that resulted in the damages. There can be no recovery if he was guilty of negligence that had a causal connection with the complained of occurrence; provided, of course, the last clear chance or discovered peril doctrine is not applicable, as in this case.

The position of defendants herein under their exception of no cause of action is that the alleged injuries of plaintiff resulted from her persistent wearing of the right shoe after she realized that it produced pain and did not fit. Ordinarily, contributory negligence, which they in effect urge, must be specially pleaded and supported by evidence; but if the facts alleged by a plaintiff clearly disclose the existence of contributory negligence, such issue may be raised by an exception of no cause of action. Flotte v. Thomas Egan's Sons, Inc., 18 La.App. 116, 134 So. 428, 137 So. 220; Louisiana Power & Light Co. v. Saia et al., 188 La. 358, 177 So. 238.

The petition in this cause, we think, convicts plaintiff of such negligence as bars the recovery that she seeks. It is therein shown that the shoes actually selected were satisfactory in all respects. She agreed with the salesman that they fitted. The following day, when their use was attempted, the right one appeared uncomfortable. This difference in feeling provided a warning that something was wrong; nevertheless, she wore them with resultant injury. Thereafter, for a number of days they were used in and around the premises where she sojourned, and the injury was thereby aggravated. It was her duty on first realizing that they caused pain and apparently were not the pair selected, to refrain from wearing them. The fact that she was then away from Shreveport and unable to exchange them is of no importance in so far as this suit is concerned. Herein, she seeks damages resulting only from the alleged physical injuries sustained.

Strikingly similar to the instant controversy is the case of Dubbs v. Zak Bros. Co., 38 Ohio App. 299, 175 N.E. 626, 627, which involved an action to recover damages for injuries allegedly resulting from misfit shoes. In affirming the judgment sustaining a demurrer to the petition, the appellate court appropriately said:

"It is quite clear from the recital of the petition itself that the shoes were not defectively manufactured. At most, all that could be claimed is that the particular shoes did not fit the particular customer's feet. He is, of course, the best judge of whether the shoes fitted him or whether they pinched him. The retail dealer in shoes must rely on the customer's judgment as to whether the shoes feel comfortable. If, after buying the shoes, the customer finds that the same cause discomfort, there is a simple way out of it, namely, to refuse to wear the shoes. * * *

"Giving the petition its most favorable interpretation, it will appear that the essence of the complaint is that the particular shoes did not fit the particular feet of the particular customer. The dealer had a right to assume the purchaser would exercise ordinary judgment, and that, if he found that the shoes caused him discomfort, he would not wear those shoes. If the customer persists in wearing the shoes and allowing the pinching and discomfort, and the injuries result therefrom, he has himself to blame and none other."

Counsel for plaintiff cites cases in which claims were made for damages growing out of the use of dangerous appliances and the sale of unwholesome food. These authorities are not here applicable.

Also, he strongly relies on the case of Pearlman v. Garrod Shoe Co., Inc., 276 N.Y. 172, 11 N.E.2d 718, which was an action to recover damages for the death of an eight-year old child. It appears from the opinion that such child was fitted with shoes by defendant's salesman who represented them as being "perfect shoes for perfect feet". After wearing them for a week, a blister developed on the great toe of the right foot. The mother, on discovering that a defective lining caused this condition, accompanied her daughter to the store and pointed out the defects of the offending shoe to the salesman. He treated the injured toe with cotton and assured the mother that the shoes were perfect in all

84

respects. The child continued to wear them. Later an infection developed, resulting in her death. The trial court, after hearing the evidence offered by plaintiff, sustained defendants' motion for a nonsuit. Plaintiff appealed. The court of last resort, by a four to three decision, reversed the judgment, ordered a new trial, and said that, "the questions of the freedom of deceased from contributory negligence and of the negligence of defendant could not be resolved by the court in favor of defendant as matter of law." If the soundness of that decision be conceded, three important factual differences, we think, distinguish the case from the controversy under consideration, viz., there the injury was caused by a defective lining and not by a misfit or undersized shoe; the salesman, who presumably possessed knowledge of footwear construction, gave assurance of the shoe's perfect condition after the apparent defect was shown to him; and the wearer of the shoe was a child of only eight years.

The judgment sustaining defendants' exception of no cause of action is, in our opinion, correct; it is affirmed.