REGAN, Judge.
. Plaintiff, Hypolite A. Arata, initiated this suit individually and for the use and benefit of his minor son, Thomas C. Ai;ata, Jr., •for the sum of $15,275 against defendants, Orleans Capitol Stores, Inc., and its liability insurer, Massachussetts Bonding & Insurance ' Company,' and the'City 'of' New Orleans, to recover for the personal injuries sustained by his son when hé fell from h'is bicycle while crossing the 'sidewalk portion of the driveway leading into the . premises occupied by defendant, Orleans Capitol Stores, Inc., located in. Canal Boulevard at Weiblen Place. .
The defendants, Orleáns Capitol Storés, Inc.; and its insurer, and the City of 'New Orleans, answered the suit by way of exceptions of no right or' cause of action. The trial judge maintained these exceptions and afforded plaintiff • an opportunity to amend. Subsequently an amended petition was filed on behalf of plaintiff and the defendants again pleaded their exceptions. After a hearing the trial judge maintained the exception of no cause of action and dismissed the suit. Hence this appeal by plaintiff., ', . .
The record. reveals that plaintiff, in his petition as amended, alleged that the defendant, Orleans Capitol Stores, Inc., was the-occupant of a food store located in Canal Boulevard at Weiblen Place, in the City of New Orleans; that a public concrete sidewalk existed adjacent to and along the Canal Boulevard frontage of the food store; , that defendant maintained and used a vehicle entrance some fifteen feet from the intersection of Canal Boulevard and Weiblen Place to permit entry to and exit from Canal Boulevard and defendant’s place of business; the crossing was maintained over the sidewalk on Canal Boulevard; that defendant, Capitol Stores, Inc., had a parking lot on its premises for the convenience of itself and its customers; the crossing was continually used by defendant for its delivery trucks and its customers; the sidewalk portion of the crossing became and remained 'broken and out of repair for many months, the exact period being unknown to plaintiff; the said condition was caused by the traffic which passed thereon going to and from defendant’s place of business; that the defendant, City of New Orleans, by reason of the length of time this condition existed, had, or should have had knowledge of this condition; that on April 26th, 1948, at about 6:00 p. m. the minor, Thomas C. Arata, age' 10 years, mounted on his bicycle visited the Capitol Store and ascertained that dt was closed; that while he was (on defendant’s premises) on the shells used for parking, he “started to mount his bicycle to return to his home” and that as he "proceeded on his bicycle, the front wheel struck a broken and damaged-hole in the said vehicle crossing causing Thomas C. Arata to be thrown to the ground and severely injured”; that the hole in the sidewalk was three feet in diameter and six inches in depth and that it “contained broken concrete and uneven shells from the property occupied by the defendant, Orleans Capitol Stores, Inc.,”; that “the property occupied by Orleans Capitol Stores, Inc., likewise contained a large depression of about ten (10) feet in diameter and eight (8) inches in .depth, which sloped into the depression on . the sidewalk and caused the bicycle operated .by Thomas C. Arata to proceed into the depression in the sidewalk”; that the depression, above referred to in defendant’s premises caused “the undermining and breaking down of the foundation of the sidewalk, which would not have occurred except for the negligence of the defendant, Orleans Capitol Stores, in permitting this ‘depression’ to develop without filling same” to the “grade of the remainder of the property”.
Plaintiff contends that the defendant, “Orleans Capitol Stores, Inc., is guilty of negligence which, jointly with the negli *121 gence of the defendant, City of New Orleans, proximately caused the accident as above set forth”.
The exceptions of defendant,; Orleans Capitol Stores, and its liability insurer are based on two propositions:
“(a) The abutting property owner or the occupant of the'property is not liable for'injuries sustained by travelers by reason of a defective sidewalk”.
“(b) The petition conclusively establishes the contributory negligence of the minor”.
The exceptions. of the defendant, City of New Orleans, are based on three propositions: •' ' •
“(a) That the proximate cause of the accident was not the alleged defect in the sidewalk.”
“(b) Alternatively, if the accident occurred in the alleged defect in the sidewalk, then in that event, the defect complained of was not dangerous and in the nature of a trap, and consequently not the type of der feet for which the City of New Orleans could be responsible”.
“(c) Alternatively, that there is an allegation of contributory negligence on the face of plaintiff’s petition and, therefore, in the alternative, the accident was caused by the contributory negligence of the minor, Thomas C. Arata.”
The only question posed by virtue <?f the pleadings herein is whether the judge of the court, a qua, was correct in sustaining the exceptions filed on behalf of the respective defendants and in dismissing plaintiff’s suit.
■In order to determine the validity of the trial court’s judgment, we find it necessary to discuss only the contributory negligence of the minor,. Thomas C. Arata.
Plaintiff’s petition reveals that the accident occurred on April 26th, 1948, at the approximate time of 6:00 p. m. and that the hole in the sidewalk, in which he drove his bicycle, causing him to be thrown to the ground and injured was three (3) feet in diameter and six (6) inches in depth. The circumference of such a hole would be 9.425 feet and it covers an area of approximately seven (7) square feet.
In our opinion, when the minor, riding a bicycle, failed to observe a hole of. such dimensions in broad, daylight, he was guilty of negligence. There was absolutely nothing which obstructed his view of the hole or depression. If he was in a depression on defendant’s premises, as he alleges, he should .ha-v.e exercised' sufficient precautions to- make sure that he would not ride his bicycle into the “hole”.
Generally, contributory negligence, must ,be specially,, pleaded and, of course, -supported by the evidence, but if the, facts, as- alleged by plaintiff in the instant case, clearly disclose the existence of contributory negligence, the issue may be raised by an exception of no cause of action. Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238; Flotte v. Thomas Egan’s Sons, 18 La.App. 116, 134 So. 428, 137 So. 220 and Odum v. Newstadt’s, Shoe Stores, La.App., 194 So. 81. • ■
" The appellate courts of this State-have, on. innumerable occasions, sustained exceptions and dismissed suits brought by pedestrians against municipalities and abutting property owners. McGurk v. City of Shreveport et al., La.App., 191 So. 553; Stoffers v. City of Baton Rouge et al., La. App., 15 So.2d 550; Hebert v. Badon, La. App., 167 So. 862; Thomason v. Dan Cohen Company et al., La.App., 7 So.2d 396.
In our opinion the facts set forth in plaintiff’s petition clearly establish that it was negligence for the minor, Thomas Arata, to ride his bicycle into the hole or depression and this negligence effectively bars the recovery of Hy-polite A. Arata, individually .and for the use and benefit of his minor son, Thomas C. Arata. White v. City of Alexandria, 216 La. 308, 43, So.2d 618; Massicot v. City of New Orleans, La.App., 43 So.2d 621 and the cases cited therein.
For the reasons assigned the -judgment appealed from is affirmed.
Affirmed.