160 So.2d 440 (1964)
G. M. TUCKER, Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees.
No. 10101.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1964.
*441 Goode, Shea & Dietz, Shreveport, for plaintiff-appellant.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for Wyatt Nichols and Travelers Ins. Co., defendants-appellees.
Before GLADNEY, AYRES, and BOLIN, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover of the defendant Wyatt Nichols and his insurer damages for personal injuries allegedly sustained on July 15, 1960, while on Nichols' premises.
The record discloses that plaintiff sought, at Nichols Roofing & Sheet Metal Works, a sheet of aluminum 1/8-inch in thickness for use on a radio upon which he was working. An employee of defendant placed the sheet upon a shearing machine for the purpose of reducing it to the desired size and shape. A cutting bar was placed in position, whereupon the employee called for the assistance of another employee. Without any request or instruction from Nichols' employees, plaintiff stepped upon the cutting bar to supply additional weight and the cut was completed. However, upon the completion of the cut, the bar fell a few inches to the floor. Because of the fall and jolt, plaintiff claims to have sustained the injuries to his back for which he claims damages.
Plaintiff contends that he ascended the machine and assisted in the work at the request and with the consent of defendant Nichols' employee. This, the defendants denied and contended that, when plaintiff stepped upon the machine, he did so without the permission or knowledge of or notice to defendant's employee, and that plaintiff was therefore a mere trespasser. Thus, in effect, defendants contend there was no duty upon Nichols or his employee other than not to willfully or wantonly injure plaintiff. In the alternative, plaintiff is charged with contributory negligence and the assumption of the risk of injury in voluntarily placing himself upon the machine, with the operation of which he was unfamiliar.
From an adverse judgment, plaintiff has appealed.
The issues presented are factual in character. Inasmuch as only oral reasons were assigned, we are not definitely informed of the basis of the determination made by the trial court. We do not deem it necessary, however, to determine whether plaintiff, an invitee on defendant's premises, became a trespasser when he stepped upon defendant's machine, for, on other bases, it would appear that plaintiff's demands could not be sustained.
From the record, the conclusion is clear that no negligence on the part of Nichols or his employee was established. The testimony of plaintiff and the employee are diametrically opposed. While plaintiff would have it believed that he stepped upon the machine and assisted in the performance of the task of cutting the sheet of aluminum with the permission of defendant's *442 employee, the employee is just as adamant in his testimony that he had no notice or knowledge of plaintiff's activities in that regard until after the task had been performed. His attention, in the meantime, had been concentrated on the work itself to prevent the material from slipping on the machine. Only plaintiff and Nichols' employee witnessed the occurrence of the accident.
Thus, plaintiff has not sustained the burden of showing, by a preponderance of the evidence, fault or negligence on the part of Nichols' employee. As stated, the employee did not see plaintiff get on the machine because he was concentrating on the work he was doing. Due to the location of the machine, with its back to the wall, plaintiff had to come from behind the employee to get on the machine. It was only after the cutting was completed that the employee realized or had any reason to know that plaintiff had gotten on the platform instead of the helper for whom he had called.
As we pointed out in Wiley v. Sutphin, La.App.2d Cir., 1958, 108 So.2d 256, 260,
"Negligence is a want of ordinary or reasonable care, which should be exercised by a person of ordinary prudence under all the circumstances in view of the probable danger of injury; and ordinary, reasonable or due care is that degree of care, which, under the same or similar circumstances, would ordinarily or usually be exercised by, or might reasonably be expected from, an ordinarily prudent person. Brown v. Liberty Mutual Ins. Co., 234 La. 860, 101 So.2d 696; State v. Vinzant, 200 La. 301, 7 So.2d 917, 922; Roder v. Legendre, 147 La. 295, 84 So. 787; Neyrey v. Maillet, La.App., 21 So.2d 158; Frazier v. Ayres, La.App., 20 So. 2d 754; Gunn v. Saenger-Ehrlich Enterprises, Inc., La.App., 192 So. 744; Flotte v. Thomas Egan's Sons, Inc., 18 La.App. 116, 134 So. 428; 65 C.J.S. Negligence § 11, p. 387.
"Under LSA-C.C. art. 2315 respecting liability for damages, liability is founded upon fault, and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In the determination of the question of fault as respecting liability for damages, a common sense test is to be applied, that is, how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable danger confronting the alleged wrongdoer."
Under the facts and circumstances presented by this case, it does not appear that a reasonably prudent person in the employee's place would have anticipated, after he had called for one of his fellow employees, that plaintiff, a customer, would have gotten on the machine, the operation of which, as stated, he was unfamiliar. A defendant cannot be required to guard against an event which could not reasonably have been anticipated by a person of ordinary intelligence and prudence. Anderson v. London Guarantee & Accident Co., La.App.2d Cir., 1948, 36 So.2d 741.
In the absence of fault or negligence, there cannot be, under our basic law, LSA-C.C. Art. 2315, any liability.
Under the conclusions reached herein, it is unnecessary to consider the question of plaintiff's negligence or his assumption of the risk involved. We may, nevertheless, observe that these defenses appear to possess considerable merit.
We find, therefore, no manifest error in the judgment appealed, and, accordingly, it is affirmed at plaintiff-appellant's cost.
Affirmed.