CAZEAUX v. NEW ORLEANS PUBLIC SERVICE, INC.

(November 18, 1929. Opinion and Decree.)

Alex W. Swords, of New Orleans, attorney for plaintiff, appellant.

B. W. Kernan, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff sues defendant for damages for the death of her husband. Defendant filed an answer denying liability and categorically answered each paragraph in the petition and pleaded contributory negligence and incorporated in the answer an exception of no cause of action.

On the day the case was set for trial on the merits, counsel for the defendant objected to any evidence being offered by the plaintiff on the ground that the petition did not set forth a cause of action.

The judgment of the district court sustained the exception of no cause of action and dismissed plaintiff's suit. Plaintiff appealed.

We have reached the conclusion that the petition does set forth a cause of action under two theories of the law of torts. First, the doctrine of "last clear chance," and, second, the doctrine of "sudden peril" or "emergency rule."

In the paragraph 6 of the petition the plaintiff charges that, after the motorman of the street car apprehended that the driver of the truck did not intend to stop to permit the street car to pass, instead of stopping the street car so as to avoid a possible collision, as the motorman should have and could have done, he negligently and carelessly continued on his course. In short, the motorman, after being fully aware of the fact that the driver of the truck intended to continue his course and seeing that if the street car continued to pursue its course there would be a collision between them, negligently and carelessly continued on when he could have easily brought the street car to a stop.

Assuming arguendo that the driver of the truck and deceased were both guilty of negligence, the petition alleges that the motorman of the street car had the "last clear chance" of avoiding the accident by stopping the car, particularly since he knew the car in making the turn had to cross the path of the on-coming truck. Vaughn v. New Orleans Railway & Light Co., 13 Orl. App. 116; Cusachs v. New Orleans Railway Co., 9 Orl. App. 351; Shield v. Johnson & Son Co., 132 La. 773, 61 So. 787, 47 L. R. A. (N. S.) 1080; 20 R. C. L. par. 114; Louisiana Digest "Negligence" paragraph No. 28.

We are also of the opinion that the petition sets forth a cause of action under the theory of the law known as the "sudden peril" or "emergency rule" in torts, because it alleges: That it was through the negligence and carelessness of the motorman of the street car continuing on his course when he could have stopped after he realized that the driver of the truck did not intend to permit the street car to pass first; and also by the motorman unnecessarily yelling in a loud and excited voice, either at the petitioner's husband or the driver of the truck, that created a situation which lead decedent to believe that he was in imminent danger. That the street car was making a sharp curve at a street intersection and could very easily have been brought to a stop as it was going slowly at the time. That there was real and apparent danger of a collision

between the truck and the street car, and that the shouting of the motorman caused deceased's terror and apprehension of sudden peril. That deceased acted as an ordinary prudent person would have done when confronted with such a situation.

The petition also alleges: That deceased was a prospective passenger of defendant, and the defendant failed to provide a suitable place on St. Peter street for passengers to board the street car. That deceased stepped into Broad street in the usual and customary manner of passengers at that street intersection, as the car approached in order to board it. That he took a position of safety with regard to the truck and the car and was placed in a position of sudden peril and imminent danger because the motorman, after apprehending the danger, failed to stop the car, but negligently continued on his course, yelling in an excited manner.

The motorman and truck driver both owed deceased the duty of not wantonly injuring him.

Certainly it cannot be successfully argued in the light of the allegations of the petition that the fact that deceased walked across the street intersection in order to take the street car was the proximate cause of the accident.

The "sudden peril" or "emergency rule" is stated in Ruling Case Law, volume 20, p. 134 et seq.:

"In the foregoing discussion, it has been noted that a person is bound to use his intelligence and sense to discover dangers and upon their discovery to exercise diligence to avoid an injury therefrom. But while he is bound to take active measures to preserve himself from impending harm, he is by no means held to the same judgment and activity under all circumstances. The opportunity to think and act must be taken into consideration. And although he may not have taken the safest course or acted with the best judgment or greatest prudence he may yet recover for injuries sustained if he can show that he was required to act suddenly or in emergency, without opportunity for deliberation. It has been said that a choice of evils may often be all that is left to a man, and he is not to blame if he chooses one, nor if he chooses the greater, if he is in circumstances of difficulty and danger at the time, and compelled to decide hurriedly. Of course, the presence of sudden peril will not excuse all errors of judgment and all omissions to act; such diligence must be exercised as the circumstances permit, the standard of care being that of a person of ordinary prudence when confronted with the same situation. There is no rule of law which prescribes any particular act to be done or omitted by a person who finds himself in a place of danger. In the variety of circumstances which constantly arise it is impossible to announce such a rule. The only requirement of the law is that the conduct of the person involved shall be consistent with what a man of ordinary prudence would do under like circumstances. And whether the plaintiff exercised such care is for the jury's determination. To authorize recovery it must be shown that the emergency was brought about by the acts of the defendant; for, of course, no one is to be held liable for the acts of others. And very plainly if the plaintiff was responsible for the peril he is not entitled to urge it as a ground for recovery.

"To excuse acts done in the face of sudden peril, it must be made to appear, as a matter of fact, that the danger was imminent and adequate to prevent the exercise of sound judgment, though it need not have been actual. Such a peril may be presented by the rapid approach of a vehicle on the highway. And so it has been held that if a person, seeing a car which has been negligently derailed coming across the street at full speed toward where he is standing, and becoming frightened runs for safety and falls, receiving an injury, he is entitled to recover from the owner of the car therefor. Again, an impending

collision will excuse one in jumping from a vehicle or train, or in remaining therein when the safer course would have been to jump."

See, also, Burrows, Negligence, p. 40.

In the case of Olivia Marie Baquie v. Leon Meraux (No. 11891, of the docket of this court) 123 So. 338, 339, decided June 24, 1929, we said:

"If she exhibited confusion and darted, first one way, and then the other, her actions in that regard, even though she ran directly across the path of the automobile, cannot be regarded as contributory negligence for the reason that, in the emergency created by the unexpected appearance of the automobile, she could not be expected to exercise the same degree of judgment as one not subject to the fear of sudden disaster. Blashfield's Cyclopedia of Automobile Law, vol. 1, p. 597. If the Meraux car had been driven as slowly as it is said to have been, the accident could have been easily avoided by stopping the automobile altogether, until the safety of the four pedestrians was assured."

Furthermore the whole trend of modern procedure is to do away with technicalities and to permit amendments where no cause of action is based upon the insufficiency of the allegations of the petition. Francis v. Barbazon, 10 La. App. 55, 120 So. 427; Blake v. Jefferson-St. Charles Transfer Co., 8 La. App. 310.

The petition could have been more specific and clearly drawn, but vagueness of a petition is not cause for the dismissal of the suit.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and the case is now remanded to the lower court for further proceedings according to law.

Judgment reversed, and case remanded.