**JONES et al. v. COMMAGERE et al.**

**No. 17078.**

Court of Appeal of Louisiana.   Orleans.

June 12, 1939.

Gerald Netter, of New Orleans, for appellants.

Brian & Brian, of New Orleans, for appellees.

JANVIER, Judge.

Misses Gladys and Mina Irma Jones attempted by garnishment process to collect a judgment for $1,451.12 in their favor and against Louis E. Commagere, Jr.  The garnishee, Commagere Pharmacy, Inc., contended that it was not indebted to Commagere in any sum whatever; that his salary was $60 per month, and that, because of the provisions of Act No. 183 of 1932, it was entirely exempt from seizure.  The garnishee further maintained that, on the contrary, Commagere was indebted to it in the sum of $945.21 for amounts which he had withdrawn in addition to his salary.  When the matter reached this court on the first occasion we found that the corporation known as the Commagere Pharmacy, Inc., although incorporated, was merely an alter ego of Commagere and that, although, according to the company's books and records, Commagere was entitled to receive a salary of $60 per month and his wife was entitled to a salary of $85 a month, as a matter of fact Commagere actually withdrew whatever he required for his needs and that, though these additional withdrawals may have been shown on the company's ·books as charges against Commagere, there was no intention that they were to be repaid and that, therefore, the true salary or earning of Commagere was the $60 per month plus the amounts of these additional withdrawals.  On this theory we found that Commagere had actually been receiving a monthly allowance averaging $80.51 and we held that, under the cited statute, 20 per cent. of this salary, or $16.10 per month, should be made subject to the satisfaction of the claim of the seizing creditor.  Through clerical error, in our decree we fixed this amount at $16.51 per month, instead of the $16.10 which we found to be available under the statute.  See 181 So. 198, 200.

We also held, as that statute required us to· hold, that "If Commagere's earnings should increase or diminish in the future, proper allowance can be made for the altered situation by a showing to that effect to the court below which retains jurisdic-

tion of the case for that purpose under the specific direction of Act No. 181 of 1932."

On June 21, 1938, the Commagere Pharmacy, Inc., filed this rule in which it seeks a revision of our former decree on the ground that there has been a reduction in the "salary" earned by Commagere. It alleges that, since our former decree was rendered, Commagere has received a salary, of $60 per month and it contends, again, that since the garnishment statute provides that "in no case shall the seizure or garnishment infringe upon a minimum of Sixty ($60.00) Dollars per month of such salary, wage, commission or other compensation, which said Sixty ($60.00) Dollars per month shall always be exempt", the whole of the said salary is exempt and that, therefore, over and above the exempted salary there is no monthly amount which is subject to garnishment.

To this rule plaintiffs in execution filed an exception of no cause of action, which was sustained, with the consequent dismissal of the rule. It is from this judgment —dismissing its rule—that the garnishee corporation now prosecutes this appeal.

Exceptors contend that, in view of our former opinion, in which we held that Commagere's income from the corporation was not limited to the monthly salary which had been credited to him on the books, but was, in truth, represented by the earnings of the corporation, the garnishee should not be permitted to accomplish the result sought in its rule except upon alleging and showing that the said earnings of the corporation to which Commagere is entitled do not exceed the $60 per month; in other words that, since Commagere is the corporation, he should not be permitted to accomplish the result sought upon a mere showing that he has been drawing only $60 each month as salary, if, in fact, the earnings of the corporation would entitle him to more than the $60 set up on the books as salary.

And we are impressed with the soundness of that contention. If Commagere is the real owner of the corporation and, as such, is entitled to the profits made by it, then his income which that corporation may transfer to him on a monthly basis, or on any other basis, is not represented by the "salary", but is actually the amount of the earnings of the corporation, less, of course, a reasonable reserve for emergencies, et cetera. If this is so, then the garnishee, if it would show that the total amount due by it to Commagere is not in excess of the $60 minimum fixed in the statute, must show not that the total amount of "salary" is only $60, but that the earnings to which Commagere is entitled do not exceed the said $60. The said garnishee has not alleged this and we think that such an allegation, in view of what we said in our former opinion, is absolutely essential. In fact, the allegation that his "salary" is $60 is the same allegation on which was based the former unsuccessful attempt to defeat the garnishment process.

However, we sense the possibility that, when plaintiff in rule averred that Commagere's salary was only $60 per month, it intended thereby to state that his total income, whether withdrawn from the corporation or allowed to accumulate, did not exceed that amount; and, if that was what was intended, then the only charge which could properly be leveled at the rule is that the language thereof is vague and indefinite. In view of the possibility that the garnishee may be able to allege and to show that the earnings of the corporation have been so much reduced that the monthly return of Commagere, whatever its form may be, does not exceed $60, and bearing in mind the jurisprudence which has now been definitely established to the effect that an exception of no cause of action should not be sustained where it is based merely on insufficiency or vagueness of allegation, we think it best to remand the matter in order to afford plaintiff in rule an opportunity to amend, if it finds it is possible to do so.

That this rule of liberality is now firmly established is no longer subject to question. See Reeves v. Globe Indemnity Company of New York, 185 La. 42, 168 So. 488; Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715; Cazeaux v. New Orleans Public Service, Inc., 14 La.App. 320, 124 So. 685; Beneficial Loan Society v. Strauss, La.App., 148 So. 85. Note particularly a discussion of the entire matter in 9 Tulane Law Review, page 17, "The Exception of No Cause of Action in Louisiana", by Professor Henry G. McMahon. We call attention to the fact that Professor McMahon criticizes the case of West Orleans Beach Corporation v. Martinez, 180 La. 31, 156 So. 165, as being one of the two cases contrary to this rule. But we also note that that case has since been expressly overruled in Reeves v. Globe Indemnity Company of New York, supra.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that the matter be and it is remanded to the Civil District Court for the Parish of Orleans for further proceedings consistent with the views herein expressed and according to law, plaintiff in rule to pay all costs of this appeal.

Reversed and remanded.