JANVIER, Judge.
This matter comes before us on suspen-sive and devolutive appeal by James V. LaRocca, plaintiff, from a judgment dismissing on exception of no cause of action his suit brought under authority of LSA-R.S. 48:703.
Plaintiff seeks to establish his right under LSA-R.S. 48:701 to parts of certain streets contiguous to his property and which streets have been abandoned by the Police Jury and exchanged to the defendant, Vernon Dupepe, for certain property of Dupepe which is to be, or is being used, in the construction of a new street.
The Police Jury of the Parish of Jefferson, under an ordinance properly and formally adopted, has exchanged the land formerly occupied by the streets in question with Vernon Dupepe for his land which is to be used for the new street, and they have proceeded purportedly under authority of LSA-R.S. 48:702, taking the position and stating in the ordinance that the streets which are being exchanged to Dupepe are made unnecessary by the construction of the new street.
There is no dispute over the meaning of the several referred to sections of Title 48, which sections control the abandonment by municipal authorities or parish police juries of roads or streets. The only controversy arises over the contention of the defendants, Vernon Dupepe, the Police Jury and all of the individual members of the Police Jury (though not named in the petition) who contend that plaintiff cannot be heard to attack the action of the Police Jury in carrying out the exchange since he has made no allegation to the effect that the said action of the Police Jury is arbitrary or capricious.
The portion of the section of the Revised Statutes which plaintiff says is applicable is LSA-R.S. 48:701 and reads as follows:
“The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and' dedicated to public use within their respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
“Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.”
The section of the statute which defendants say is applicable is 702 of LSA-R.S. 48. It reads as follows:
“Whenever the governing authority of any parish desires to construct a road, street, or alley leading to any property of the state or any of its subdivisions, boards, commissions, or political corporations, and it appears that the construction will make it unneces *847 sary to the public welfare to continue any then existing road, street, or alley or any part thereof to permit access to or from the public property or to or from any property served by the old road, the parish governing authority may, by proper ordinance, revoke and set aside the dedication of the road, street, or alley, or any part thereof and exchange it with property owners so that new roads, streets, or alleys, or parts thereof, leading to or from any property of the state or any of its subdivisions, boards, commissions, or political corporations may be laid out and dedicated to the public use. The property so exchanged shall become private property.”
LSA-R.S. 48:703 under which the suit is brought provides that:
“Any person, other than the person to whom the abandoned property is exchanged, having or claiming to have any right, title, or interest in or to any property abandoned and exchanged by a parish governing authority pursuant to the provisions of R.S. 48:702 shall file suit to establish the right claimed within six months after the date of publication of the public notice of abandonment or lose by prescription all such rights, title, and interest in or to the property. This prescription runs against all persons, including minors and interdicts.”
When we come to consider the exception of no cause of action, we of course must assume the truth of the allegations of the petition, and counsel for all parties in oral argument stated that the allegations of the petition are true. The facts then seem to be as follows: LaRocca is the owner of two pieces of real estate in the Parish of Jefferson, which properties front on Hullen and Robertson Streets, which cross each other at a right angle, the properties of plaintiff forming the corner. The streets which have been abandoned, though admittedly originally dedicated, have never been actually used. The Police Jury, by formal ordinance and act of exchange, exchanged the land forming the portions of those streets in question for certain property of Dupepe and, in addition to the exchange, paid to Dupepe $15,000 in cash. We are in no way concerned with that cash payment.
We repeat that what is alleged is that the Police Jury is exchanging certain portions of two streets for another piece of land owned by Dupepe and is basing its right to make the exchange on its statement in the ordinance that the new street, which is opened over the land obtained by exchange, has made the older streets “unnecessary” and, it is conceded by plaintiff that, if the new street serves the area formerly served by the old, then the construction of the new will have made the old unnecessary and the Police Jury had the legal right to make the exchange.
On behalf of plaintiff, however, it is argued that the new street bears no relationship geographically or otherwise to the old streets, or to the areas contiguous to the old streets, and that therefore the abandonment of the old streets could not have been made under authority of section 702 which authorizes the exchange under certain conditions, one of which is that the new street must have made the old unnecessary but should have been made under authority of section 701 which provides that when a street is abandoned, not because a new one is being opened but merely because the old street serves no useful purpose, then the owners of contiguous lands ipso facto and automatically become the owners of the land which formerly formed the streets which were abandoned.
On behalf of defendants it is strenuously argued that the action of the Police Jury, in abandoning the streets, cannot be attacked in the absence of an allegation that the action is capricious or arbitrary or fraudulent, and authorities are cited to this effect. Murphy v. Police Jury of St. Mary Parish, 118 La. 401, 42 So. 979; Caz-Perk Realty, Inc., v. Police Jury of *848 Parish of East Baton Rouge, 213 La. 935, 35 So.2d 860. This conclusion is based on the fact that the governing authority in such case is given discretion to determine whether a street should be abandoned, and therefore that discretion should not be interfered with in the absence of an allegation that it is exercised capriciously and arbitrarily.
Though it is well settled that such a governmental authority, as a municipality or a police jury, may not be prevented from exercising its discretion unless it does so arbitrarily or capriciously, this does not mean that, where a state statute authorizes action on certain conditions, such a governing authority, as a police jury or a municipality, has the discretion to authorize the contemplated act and to waive or to alter the conditions set forth in the statute.
In Cook v. City of Shreveport, 163 La. 518, 112 So. 402, a state statute authorized municipalities in which street improvements were to be made, to permit the property owners to pay their share in installments, and provided that interest on the installment payments should be fixed at six per cent. The City of Shreveport attempted to require the payment of eight per cent interest on these installments, and the Supreme Court held that the City of Shreveport was not authorized to make any such change in the conditions which were set forth in the state statute.
The question which is presented here was not that which was presented in any of the cases in which it was held that the discretion of a governing authority should not be interfered with unless exercised arbitrarily and capriciously. The question of interference with discretion is not presented here. The Police Jury necessarily had the right to abandon the streets in question, but it had no right to exchange the abandoned streets for the other property of Dupepe, unless the opening of the street on the property obtained from Dupepe was what made it unnecessary that the older streets be continued.
We think, therefore, that all that the plaintiff was required to allege was, that it was not the opening of the new street which would make the old unnecessary, and that the new street would serve no purpose whatever in connection with the properties of the plaintiff and others in that general area which was contiguous to the old streets which have been abandond. It is true that plaintiff did not even make that allegation. However, he did allege that, under the laws of the State (unquestionably referring to LSA-R.S. 48:701), he, as a contiguous owner, was entitled to the half of the abandoned streets contiguous to his properties. That allegation must necessarily be interpreted as charging that the new street which was opened was not the reason which made the old streets unnecessary. Though his allegations were somewhat vague in that he did not expressly state that the abandonment of the old streets did not result from the opening of the new street, that was necessarily what he meant.
Furthermore, his allegations, though vague, must be construed as charges that the new street would to no extent serve the old area. Such an allegation, if made, might be construed as a charge that the action of the Police Jury was capricious and arbitrary, since, if such a charge could be sustained, the action of the Police Jury, in making the exchange without any legal foundation, would have deprived him and other contiguous owners of their rights given them by section 701, that is, of course, if the abandonment resulted simply and solely from the fact that the streets to be abandoned were not and had never been necessary. In fact, it is conceded that those streets were not and had never been necessary. They had never been actually opened, and it was admitted in oral argument that they were completely covered with rubbish and trash and could not be and had never been used as passageways.
Our conclusion is that, though the petition does not affirmatively contain the allegations that the action was arbitrary *849 or capricious, and though it does not contain the allegation that the abandonment of the old streets, was not made unnecessary by the opening of the new, the fault with the petition lies not in the fact that it alleges facts which show that plaintiff has no cause of action, but that it fails to allege facts which possibly may be alleged and which, if true, might show that he has a cause of action.
A petition should not be dismissed on an exception of no cause of action merely because it fails to contain allegations which possibly may be added and which, if added, would establish the existence of a cause of action. Jones v. Commagere, La.App., 189 So. 603; Robinson v. Allen, La.App., 88 So.2d 64.
Strangely enough though, in the caption of the petition the names of all the defendants, to wit Dupepe, the Police Jury and each member of that Police Jury, are mentioned, no one of the members of the Police Jury is mentioned by name in the petition nor in the prayer. However, each of the defendants, Dupepe, the Police Jury through the District Attorney, and each member of the Police Jury, filed an exception and all referred to themselves as defendants and apparently made no issue of the fact that they were not actually named as defendants.
Our conclusion is that the exception of no cause of action should not have been maintained.
Consequently, the judgment appealed from is annulled, avoided and reversed and the matter is remanded to the Twenty-fourth Judicial District Court for the Parish of Jefferson for further proceedings according to law and not inconsistent with the views herein expressed.
Reversed and remanded.