JANVIER, Judge.
Plaintiff, Marguerite Labarre, has appealed from a judgment of the Twenty-fourth Judicial District Court for the Parish of Jefferson maintaining an exception of vagueness and a plea of res judicata and dismissing, on the plea of res judicata, her suit filed on May 27th, 1953, in which she seeks to be declared the owner of an undivided one-half interest in certain real property in the Parish of Jefferson, described as follows:
“A certain portion of ground, together with all the buildings and improvements, thereon and all the rights, ways, privileges, servitudes, advantages and appurtenances thereunto belonging or in anywise appertaining, known as Acres Forty-three (43) and Forty-two (42) in Square “C” of the Highland Farm Tract which is bounded by New Shell Road, Poultry Road, and Public Road on the river and Citrus Road; Acre Forty-two measures one hundred thirty-two (132') feet front on Citrus Road, by a depth of three hundred thirty (330') feet between equal and parallel lines; Acre Forty-three measures one hundred thirty-two (132') feet front on Citrus Road by a depth of three hundred thirty (33CK) feet between equal and parallel lines; all according to plan of the Highland Farm Tract made by C. Milo Williams, Civil Engineer and Alfred E. Bonna-bel, Parish Surveyor, dated March 16, 1916 attached to Act of Correction and *255 Dedication before F. D. Charbonnet, Jr., Notary Public on November 24, 1917, said property being situated in the Parish of Jefferson, State of Louisiana."
In her petition she alleges that, on July IS, 1940, during the existence of the marital community which existed between herself and her then husband, Harry Earl Code, the said Code, who, as husband, was head and master of the community, by notarial act passed before William John White, Notary Public, acquired the said property from Peter Rothschmitt; that the said act of sale was registered in the Parish of Jefferson, in Conveyance Book 161, folio 593. She avers that in the said act of purchase her then husband, Harry Earl Code, made what is usually referred to as the dual declaration to the effect that the property was being purchased with his own separate funds and for his separate estate. She then alleges that the said declaration was “incorrect and false.” Then follow averments to the effect that she and the said Code were divorced by judgment of the Twenty-fourth Judicial District Court for the Parish of Jefferson, that the said judgment was signed on March 13th, 1941, and was registered in the conveyance records of the Parish of Jefferson in Conveyance Book 109, at folio 99, and that, upon the dissolution of the said community, she became the owner of an undivided one-half interest in the said property. There then appears the following allegation :
“That unbeknown to your petitioner, the Sheriff for the Parish of .Jefferson seized and sold at public auction on August 8, 1947 certain immovables purportedly belonging to Harry Earl Code, among which were included the above described lots of which petitioner is the owner of an undivided one-half interest; that defendant, J. F. Mallard, purchased the property sold at said Sheriff’s sale, which purported to convey to the purchaser the entire interest in and to the above described property; that said Sheriff’s sale is null and void insofar as it purported to convey petitioner’s undivided one-half interest in said property above described'; said sale is recorded in C.O.B. 242, Folio 661, Parish of Jefferson.”
Plaintiff prays that the said Mallard be cited to appear and answer and that, in due course, there be judgment recognizing her as the owner of an undivided one-half interest in the property, and that the sheriff’s sale to the said Mallard be declared null and void “insofar as it purported to convey more than an undivided one-half interest in the above described property.”
The exception of vagueness should not have been definitively maintained, and if that had been the only fault found by defendant with plaintiff’s petition, that exception should have been maintained, but only with leave to amend. Jones v. Commagere, La.App., 189 So. 603; Robinson v. Allen, La.App., 88 So.2d 64; and LaRocca v. Dupepe, La.App., 97 So.2d 845.
But the plea of res judicata is much more serious in view of the fact that, in the divorce suit already referred to, the judgment decreed that there was no property of the community which had existed between the present plaintiff, Marguerite Labarre, and her former husband, Harry Earl Code. The record in that divorce proceeding, being No. 14,515 of the docket of the Twenty-fourth Judicial District Court for the Parish of Jefferson, was admittedly offered in evidence in connection with the plea of res judicata and, while the record was not actually filed, counsel agreed that, in his suit for divorce, the husband, Code, had alleged that there was no community property and had prayed for judgment decreeing that there was no community property, and they further agreed that in the judgment itself it was decreed that there was no community property.
As already stated, plaintiff in the present suit has herself alleged that that judgment *256 in the divorce suit, which decreed that there was no community property, was duly registered in the conveyance records in the Parish of Jefferson. It appears then that in' that divorce suit the plaintiff, Code, prayed for judgment declaring that there was no community property, obtained such a judgment, and registered that judgment in the conveyance records more than twelve years before the present suit was filed and more than six years before the property in question was, at sheriff’s sale, adjudicated to the present defendant, Mallard. It further appears from the agreement of counsel that when that divorce suit, in which the plaintiff prayed for judgment decreeing that there was no community property, was filed the present plaintiff, who was the defendant in that suit, was duly cited and, after filing a motion for bond for costs, did nothing further to contest either the divorce or the prayer that it be decreed that there was no community property.
In Thomas v. Thomas, La.App., 27 So.2d 758, 759, we were confronted with a situation which presented facts in many, though not in all respects, remarkably similar to those found here. There, after the rendition of a judgment of divorce against a wife and after the sale by the former husband of certain property to a third person, the divorced wife brought suit against her former husband and the third person who had purchased the property, and alleging that the property had formed part of the former community and that the sale to the third person was in fact “simulated and fraudulent,” prayed for judgment decreeing that the property had belonged to the community and that therefore she, the divorced wife, was the owner of an undivided one-half interest in the property. Among the defenses urged was a plea of res judicata. In considering this plea, we held that the judgment in the divorce suit “was merely a decree dissolving the bonds of matrimony”, and said that in that decree there was “no declaration * * * to that effect nor did John Thomas pray that the court render such a decree.”
In the divorce suit between Code and the present plaintiff the petition contained .the allegation which we found was absent in the Thomas case — in other words, the allegation that there was no community. And here we find that there was a prayer for judgment decreeing no community property, and we find too that there was such a declaration in the judgment.
While it is true that the parties here, the former wife of Code, and Mallard, the purchaser of the property at sheriff’s sale, are not the identical parties between whom the judgment in the divorce suit determined the issue — that there was no community-property — still the plainiff here, the divorced wife, is the same person who was defendant in the divorce suit and the defendant here, through the sheriff’s sale, has acquired the title formerly held by the husband, who was the party plaintiff in the divorce suit. One is privy to the other, and the issue here is identical with what was the issue there, i. e., did the property form part of the community?
Where a particular issue is settled in a suit involving title to property, it would not be proper to permit any subsequent purchaser of the property to be required to again defend a suit involving the identical issue which was settled in the earlier suit. Otherwise, every time a piece of property changed ownership any person claiming an interest, having lost one or two or three earlier suits, might again raise the same issue against the new purchaser. That issue was settled in the divorce suit and therefore that judgment properly forms the basis of a plea of res judicata.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.