Dear Mr. Doughty:
You have requested an opinion of this office as to whether the West Carroll Parish Police Jury may continue to maintain a road as a public road when it is no longer being used by school buses and there is only one property owner on the road. La. R.S.33:1236 empowers police juries to regulate the making and repairing of roads when, in the opinion of the police jury, such work will further the best interests of the parish and the parish road system. To provide funding for the maintenance and repair of parish roadways, the state created the "Parish Transportation Fund." La. R.S. 48:751. La. R.S. 48:753 states:
 A. The monies in the Parish Transportation Fund shall be used:
 (1) To regulate the proportion and direction and the making and repairing of the roads, bridges, causeways, dykes, dams, levees, and highways when, in the opinion of the parish governing authority, such work will further the best interest of the parish and the parish road system.
Additionally, La. R.S. 48:701 provides:
 The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
 Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall *Page 2 
revert to the then present owner or owners of the land contiguous thereto.
The use of the words "opinion of the police jury", "best interest" and "may" in the statutes indicate that it is within the discretion of the police jury to maintain public roadways or to revoke or set aside the dedication of public roadways when they have been abandoned or are no longer needed for public use. It is well-settled that the discretion of parish governing authorities to revoke the dedication of an abandoned or no longer needed public road is broad, and there is a rebuttable presumption that a revocation is proper. Caz-Perk Realty, Inc.v. Police Jury of East Baton Rouge, 22 So.2d 121 (La. 1945).
Despite the fact that the public roadway in question is no longer needed for the purposes of school bus transport, it seems that so long as the police jury believes that the maintenance of the road is in the best interests of the parish, nothing prevents them from continuing to maintain it. On the contrary, where a police jury has chosen to abandon a road under La. R.S. 48:701, the courts have stated that the abandonment is proper unless the police jury does so arbitrarily or capriciously. LaRocca v.Dupepe, 97 So.2d 845. (Orl. App. 1957).
Although no cases could be found where maintenance of a road has been challenged, it would appear that actions by police juries with respect to maintaining or abandoning parish roads are discretionary in nature and only subject to attack by arbitrary or capricious action by the police jury.
Additionally you ask if a road is no longer being used for a public purpose and is subsequently abandoned, what happens to a servitude granted by the parish to a utility when the road bed is divided between the adjacent land owners?
This question has been directly answered in a previous opinion of this office La. Atty. Gen. Op No. 95-22 which stated "Acquirer of road from parish due to revocation takes subject to all valid servitudes created on public road by governmental entity."
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________ CHARLES F. PERRY Assistant Attorney General
CCF, Jr./CFP/tp