Dear Mr. Cabra:
On behalf of the Vernon Parish Police Jury you have requested an opinion of this office regarding certain road issues. Specifically, you ask whether the Vernon Parish Police Jury should abandon a certain parish road as requested by a citizen of your parish. You indicate in your letter that the party requesting the opinion contends that the portion of the road in question, Jack Dean Road, does not serve a public purpose and dead-ends at his residence; therefore he requests that the parish abandon this portion of the road.
The relevant facts, as indicated in your request letter, are that this particular road has been in existence since the early 1960's and is a tacitly dedicated road. You also indicate that the road has been maintained by the parish regularly for well over forty years. You have also stated that the road serves as a school bus turnaround and IESI (garbage contractor) makes regular garbage pickups to the end of the road.
Pertinent to your inquiry is La.R.S. 48:491 (B) which provides in relevant part:
 B(1)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets as the case may be, if there is actual or constructive knowledge or such work by adjoining landowners exercising reasonable concern over their property.
Additionally, La.R.S. 33:1236 empowers police juries to regulate the making and repairing of roads when, in the opinion of the policejury, such work will further the best interests of the parish and the parish road system. *Page 1 
According to Louisiana jurisprudence and doctrine, the dedication of a strip of land for use as a public road under R.S. 48:491 is aptly termed as "tacit" dedication.[1] Tacit dedication does not require actual intent to dedicate. If the landowner does not protest when the road is maintained by the public authorities, he is presumed to have acquiesced.[2] A tacit dedication is effected "even when no real public purpose is served thereby, as when only one person utilizes the road and a road may be declared public even if the police jury refuses to recognize it as public.[3]
La.R.S. 48:701 grants authority to parish governing authorities to revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use, when they have been abandoned or are no longer needed for public purposes. A public road legally ceases to exist only when it is no longer needed for public purposes, and is formally abandoned by the police jury by formal ordinance duly passed.[4]
Abandonment of a public road may be evidenced by:
(1) a formal act of revocation; (2) relocation of the public road by the governing body; or (3) clear and well established proof of intent by the governing body to abandon.[5]
In review of the previously cited statutes and jurisprudence, it is evident that the permissive language in the statutes, "opinion of the police jury," "best interest" and "may," indicate that it is within the discretion of the police jury to maintain or abandon public roadways, or to revoke or set aside the dedication of public roadways when they have been abandoned or are no longer needed for public use. It is well settled that "[c]ourts will not interfere in that decision absent abuse of that power through arbitrary and capricious actions."[6] Seealso Atty. Gen. Op. No. 05-0362.
In this instance, it appears that the road at issue has been maintained by the parish for a significant period of time and is used by the parish school system and the owner of the property where the road dead-ends. As indicated in your request, most of parish roads in rural areas dead-end at some point, and whether or not the road dead-ends at a citizens' residence, it does not warrant abandonment of a parish road that has been maintained and is used by the public. Therefore, so long as the police jury believes that the maintenance of the *Page 3 
road is in the best interests of the parish, nothing prevents them from continuing to maintain the road or requiring legal and formal abandonment of the road in question.
Additionally, Article VII, Section 14(A) of the Louisiana Constitution of 1974, provides that the funds, credits, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Therefore, should the police jury choose to abandon or to revoke the dedication of this public road under La.R.S. 48:701, the courts have stated that the cited constitutional provision would prohibit use of public funds for repair or maintenance of such road.[7]
In conclusion, the authority to abandon or revoke dedication of a public road is inherent in the power of the parish governing authority to regulate its physical development, repair or maintenance of public roads. The mere fact that a road dead-ends at a person's residence does not constitute or warrant abandonment of a public road. Therefore, it is the opinion of this office that actions by police juries with respect to maintaining or abandoning parish roads, are discretionary in nature absent any abuse of that power by arbitrary and capricious actions.
We hope the foregoing is helpful to you. Should you have any further inquiries in which we may provide assistance, please contact this office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:
 LaTonya L. Ozene
 Assistant Attorney General
 ATTACHMENT OPINION NO. 05-0362
April 20, 2007.
50-HIGHWAYS
 La.R.S. 33:1236
 La.R.S. 48:701
 La.R.S. 48:751
 La.R.S. 48:753
 Actions by police juries with respect to maintaining or abandoningparish roads are discretionary in nature and only subject to attackbased on arbitrary or capricious action by the police jury. Additionallythe acquirer of a road pursuant to La.R.S. 48:701 from a parish due torevocation takes the abandoned road subject to all valid servitudescreated on the public road by the parish.
Mr. David Doughty Assistant District Attorney Fifth Judicial District Franklin, Richland, West Carroll Parishes P.O. Box 857 Rayville, Louisiana 71269
CHARLES C. FOTI, JR., Attorney General
Dear Mr. Doughty:
You have requested an opinion of this office as to whether the West Carroll Parish Police Jury may continue to maintain a road as a public road when it is no longer being used by school buses and there is only one property owner on the road. La.R.S. 33:1236 empowers police juries to regulate the making and repairing of roads when, in the opinion of the police jury, such work will further the best interests of the parish and the parish road system. To provide funding for the maintenance and repair of parish roadways, the state created the "Parish Transportation Fund." La.R.S. 48:751. La.R.S. 48:753 states:
A. The monies in the Parish Transportation Fund shall be used:
 (1) To regulate the proportion and direction and the making and repairing of the roads, bridges, causeways, dykes, darns, levees, and highways when, in the opinion of the parish governing authority, such work will further the best interest of the parish and the parish road system.
Additionally, La.R.S. 48:701 provides:
 The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
 Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall *Page 2 
revert to the then present owner or owners of the land contiguous thereto.
The use of the words "opinion of the police jury", "best interest" and "may" in the statutes indicate that it is within the discretion of the police jury to maintain public roadways or to revoke or set aside the dedication of public roadways when they have been abandoned or are no longer needed for public use. It is well-settled that the discretion of parish governing authorities to revoke the dedication of an abandoned or no longer needed public road is broad, and there is a rebuttable presumption that a revocation is proper. Caz-Perk Realty, Inc. v. PoliceJury of East Baton Rouge, 22 So.2d 121 (La. 1945).
Despite the fact that the public roadway in question is no longer needed for the purposes of school bus transport, it seems that so long as the police jury believes that the maintenance of the road is in the best interests of the parish, nothing prevents them from continuing to maintain it. On the contrary, where a police jury has chosen to abandon a road under La.R.S. 48:701, the courts have stated that the abandonment is proper unless the police jury does so arbitrarily or capriciously. LaRoccav. Dupepe, 97 So.2d 845. (Orl. App. 1957).
Although no cases could be found where maintenance of a road has been challenged, it would appear that actions by police juries with respect to maintaining or abandoning parish roads are discretionary in nature and only subject to attack by arbitrary or capricious action by the police jury.
Additionally you ask if a road is no longer being used for a public purpose and is subsequently abandoned, what happens to a servitude granted by the parish to a utility when the road bed is divided between the adjacent land owners?
This question has been directly answered in a previous opinion of this office La. Atty. Gen. Op No. 95-22 which stated "Acquirer of road from parish due to revocation takes subject to all valid servitudes created on public road by governmental entity."
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 CHARLES F. PERRY
 Assistant Attorney General
[1] 2 La.Civ. L. Treatise, Property § 100 (4th ed.)
[2] Smith v. Mahfouz, 489 So. 2d 409 (La.App. 3d Cir. 1986)
[3] Strickland v. Stafford, 322 So.2d 893 (La.App. 1st Cir. 1975)
[4] State ExRel. O'bierne v. Police Jury of Red River Parish et al.135 So.2d 57 (La.App. 2nd Cir. 1931)
[5] Kennedy v. McBride, (La. App 3rd Cir. 2006).
[6] Giambelluca v. Parish of St. Charles, 687 So.2d 423 (La.App. 5th Cir. 1996)
[7] Atty. Gen. Op. No. 95-101