MILLER, Judge.
Plaintiff, J. W. Weems Individually and as Administrator of the estate of his minor daughter Kathy, appeals the trial court judgment rejecting his claim against defendant Glenda Moss for alleged negligence which caused Kathy’s fall from a stook Kathy fainted and fell while being fitted for a dance costume. We affirm.
Kathy was a student at the Glenda Moss Academy of Dance. On June 11, 1971 her mother brought her to the academy to get costumes for Kathy to wear in the annual dance recital. While at the academy Mrs. Weems stated that she was too nervous to make the required alterations. Two mothers of other students, Mrs. Ryan and Mrs. Miller, volunteered to help fit Kathy’s costume. Kathy’s mother sat down about six feet behind Kathy and conversed with another mother while the two ladies worked on Kathy’s costume. Kathy was standing on a stool so that the ladies could trim the bottom of the costume.
*764 After about fifteen to twenty minutes of standing on the stool, Kathy fainted and fell to the floor. She sustained injuries to her head and face.
Kathy testified that she told the ladies twice that she was ill and wanted to get down from the stool. After the second statement she was told to "wait a minute.” The trial court specifically rejected this testimony and held that no such request was heard. We fail to find manifest error in this factual determination.
Kathy’s mother was sitting six feet behind her and she did not hear Kathy complain. She explained that she had a hearing problem in one ear, and that she was talking to one of the other mothers when Kathy fell.
Mrs. Ryan had stopped working on Kathy’s costume several minutes before the accident, but was standing about six feet away talking to still another mother about her costume problems. Mrs. Ryan testified that she would have heard Kathy had she complained. She did not hear Kathy say anything.
Mrs. Miller was the only one working on the costume when Kathy fainted and fell, and she testified that she did not remember hearing Kathy complain. Appellant acknowledged his heavy burden to overturn the trial court’s factual determination, but pitches his claim on Mrs. Miller’s vague testimony. The record indicates that this witness was difficult to understand because she talked so softly. The trial judge stated that he had to read her lips to understand her testimony. Several relevant questions were unanswered. Other answers were evasive. Nevertheless, we fail to find manifest error in the trial court’s conclusion that he believed Mrs. Miller’s statement that she did not hear Kathy complain, and did not believe Kathy’s testimony. We are impressed by the fact that Kathy’s mother failed to notice or hear anything unusual before her child collapsed.
The reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations annd inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 at 724 (La.1973).
Plaintiff contends that it is negligence, in itself, to place a twelve year old girl on a stool for between fifteen to thirty minutes. The trial judge rejected this contention and we agree. If this was negligence, Kathy’s mother was present and requested the help which she was receiving. Her contributory negligence was specifically pled as a defense.
Plaintiff further contends that Mrs. Ryan and Mrs. Miller were agents of defendant Glenda Moss and their negligence in not heeding Kathy’s request to rest is imputed to the principal Glenda Moss. Having rejected Kathy’s testimony, there is no negligence on the part of these ladies.
Negligence is the failure to exercise ordinary or reasonable care which would be exercised by a person of ordinary prudence under all circumstances in view of the probability of danger or injury. Cooksey v. Central Louisiana Electric Co., 279 So.2d 242 (La.App. 3 Cir. 1973). Stated differently, negligence is the creation of an unreasonable risk of harm to others. Cooksey v. Central Louisiana Electric Co., supra; Eubanks v. Gore, 269 So.2d 258 (La.App. 3 Cir. 1972); Helminger v. Cook Paint and Varnish Company, 230 So.2d 623 (La.App. 3 Cir. 1970).
Reasonable or due care is that degree of care which would be exercised by a reasonably prudent person under similar circumstances. Cooksey v. Central Louisiana Electric Co., supra; Tucker v. Travel *765 ers Insurance Company, 160 So.2d 440 (La.App. 2 Cir. 1964).
We find no manifest error in holding that Mrs. Ryan and Mrs. Miller exercised ordinary and reasonable care. The trial court judgment dismissing plaintiff’s suit, is affirmed at plaintiff appellant’s costs.
Affirmed.